■ AGATHA SALATO, Individually and as Administratrix of the Estate of FILIPPO SALATO, Deceased, Respondent, v JOSEPH M. GROSS et al., Appellants. — In a medical malpractice action, the defendant Armando Patrizio appeals, and the defendant Joseph M. Gross also appeals, from an order of the Supreme Court, Kings County (Aronin, J.), dated November 5, 1980, which granted plaintiff's motion to amend her bill of particulars to assert a further act of malpractice by defendant Patrizio and denied the cross motion of defendant Gross to convene a new medical malpractice panel in the event said amendment was permitted. Order modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision which granted plaintiff's motion to amend her bill of particulars and substituting a provision denying the motion. As so modified, order affirmed with $50 costs and disbursements to defendant Patrizio payable by plaintiff. Appeal by defendant Gross dismissed, on the law, without costs or disbursements. Plaintiff's original bill of particulars alleged that the defendant Patrizio committed acts of medical malpractice between March, 1976 and June 15, 1976. She sought to amend that bill of particulars so as to allege that the initial act of malpractice took place on June 21, 1974. With respect to acts committed before July 1, 1975, the governing Statute of Limitations is the three-year period set forth in former CPLR 214 (subd 6). For an act of malpractice committed on June 21, 1974 that period of

limitation expired on June 21, 1977. Consequently, when the instant action was commenced against Dr. Patrizio on October 19, 1977, any claim with respect to the acts of June 21, 1974 would have been time barred, unless claim accrual for those acts was postponed by a continuous course of treatment for the same or related patient complaints (see *Borgia v City of New York,* 12 NY2d 151). We have examined the instant record and conclude that Dr. Patrizio did not afford plaintiff's decedent a continuous course of treatment with respect to the complaints voiced by him at the office visit on June 21, 1974 and, accordingly, Special Term improperly exercised its discretion in granting an amendment of the bill of particulars which would have essentially allowed plaintiff to add a cause of action for a time-barred claim. The appeal of Dr. Gross must be dismissed since he was not aggrieved by the order which allowed plaintiff to amend her bill of particulars to allege that a codefendant committed acts of malpractice on an occasion upon which Dr. Gross was in no way involved (see CPLR 5511). Damiani, J. P., Gulotta, Margett and Bracken, JJ., concur.