■ Louis Torre et al., Respondents, v Joseph F. Cifarelli, as Administrator of the Estate of Frank Cifarelli, Deceased, Appellant.—In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Levine, J.), entered June 15, 1988, which denied his motion to vacate the plaintiffs' "Supplemental Verified Bill of Particulars".

Ordered that the order is modified, on the law, by adding a provision granting the defendant leave to conduct such further discovery as he may deem appropriate, including a new examination before trial and physical examination of the plaintiff Louis Torre, relating to the claims raised by the plaintiffs' in their "Supplemental Verified Bill of Particulars", dated April 18, 1988; as so modified, the order is affirmed, with costs to the defendant.

The instant malpractice action was commenced in July 1984. The complaint, as amplified by the original bill of particulars dated November 9, 1984, alleged that the defendant's decedent, Dr. Frank Cifarelli, committed malpractice while treating the plaintiff Louis Torre during the period from August 19, 1982, to September 28, 1982. The original bill of particulars alleged that Dr. Cifarelli had, *inter alia,* improperly performed a bilateral lumbar sympathectomy, which resulted in the loss of Louis Torre's right leg and his ability to ejaculate. With respect to special damages, the original bill of particulars stated: "No claim for these items".

All examinations before trial, as well as a physical examination of Louis Torre, were concluded by April 1986. However, no note of issue was ever filed.

In April 1988, the plaintiffs served the defendant with a "Supplemental Verified Bill of Particulars". This new bill of particulars, dated April 18, 1988, added additional claims of malpractice during the period in question, as well as listing

injuries to other parts of Louis Torre's body, e.g., left leg, liver, kidney and heart. In addition, the supplemental verified bill of particulars contained claims for special damages.

The Supreme Court denied the defendant's motion to vacate the plaintiffs' supplemental verified bill of particulars on the ground that CPLR 3042 (g) allows a party to amend his bill of particulars without leave of the court.

In a personal injury action, a supplemental bill of particulars may be served by a party "with respect to claims of continuing special damages and disabilities without leave of court at any time, but not less than thirty days prior to trial" (CPLR 3043 [b]). The plaintiffs' bill of particulars, dated April 18, 1988, is more in the nature of an amended, rather than a supplemental, bill of particulars. CPLR 3042 (g) provides that "[i]n any action or proceeding in a court in which a note of issue is required to be filed, a party may amend his bill of particulars once as of course before trial, prior to the filing of a note of issue". Moreover, it is undisputed that no note of issue has been filed in the instant action. Accordingly, the defendant's motion to vacate was properly denied. Nevertheless, in view of the expanded nature of the plaintiffs' amended bill of particulars dated April 18, 1988, and the fact that discovery has been completed with respect to the original bill of particulars, we deem it appropriate to grant the defendant leave to conduct further discovery, including a new examination before trial and physical examination of the plaintiff Louis Torre, relating to the claims in the bill of particulars dated April 18, 1988 (*Kurnitz v Croft,* 91 AD2d 972; *Cardy v Frey,* 86 AD2d 968). We have examined the defendant's remaining argument and find it to be without merit (*Muntner v Lane,* 116 AD2d 702; *cf., Salato v Gross,* 84 AD2d 563). Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.