■ FRANCES HILL, as Executrix of JOHN HILL, Deceased, Respondent, v MANHATTAN WEST MEDICAL GROUP—H.I.P., P. C., et al., Appellants. [661 NYS2d 229] Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about April 25, 1996, which denied defendants' motion for partial summary judgment dismissing all claims that were based on allegations of medical malpractice which occurred prior to May 6, 1988 as barred by the Statute of Limitations, unanimously affirmed, without costs.

The defendants' motion for summary judgment was properly denied. However, contrary to the reasoning of the IAS Court, we find that questions of fact remain as to whether the Statute of Limitations was tolled by a continuous course of treatment. Specifically, the record remains unclear as to whether certain of the repeated visits by plaintiff's decedent to defendants were for treatment of symptoms actually indicating the existence of colon cancer, whether those visits therefore constituted a course of continuous treatment and, if so, when that course of treatment ended (*see, McDermott v Torre*, 56 NY2d 399, 406). Merely because defendants did not diagnose plaintiff's decedent's condition as cancer is not a basis to find that they were not treating him for it if his symptoms were such as to indicate its existence and they nevertheless failed to properly diagnose it (*supra*). Moreover, the fact that plaintiff's decedent also visited defendants from time to time complaining of other symptoms that were clearly unrelated to colon cancer is not a reason to find that there was no course of treatment for the cancer. Since defendants were plaintiff's decedent's regular doctors, it would be surprising if he did not also visit them for

other unrelated ailments during the course of his cancer. Concur—Sullivan, J. P., Milonas, Ellerin, Tom and Mazzarelli, JJ.