■ IDA M. BONANZA, as Executrix of PAUL A. BROWN, Deceased, Appellant, v JOSEPH I. RAJ, M.D., et al., Respondents. [721 NYS2d 204] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the fol-

lowing Memorandum: Plaintiff's decedent was treated for dyspepsia and reflux esophagitis by Joseph I. Raj, M.D. (defendant) on several occasions over a two-year period. Plaintiff commenced this medical malpractice action alleging that defendant failed to diagnose decedent with gastric adenocarcinoma. Supreme Court erred in granting defendants' cross motion seeking summary judgment dismissing the complaint with respect to claims based on medical services provided by defendant prior to January 21, 1994. Although defendants met their initial burden of establishing their entitlement to judgment as a matter of law, plaintiff raised a triable issue of fact whether the Statute of Limitations was tolled by the continuous treatment doctrine (*see,* CPLR 214-a). Plaintiff submitted proof that decedent's return visits to defendant were contemplated by both decedent and defendant, and that defendant was treating decedent for symptoms indicating the existence of gastric adenocarcinoma. Thus, plaintiff raised a triable issue of fact whether defendant continuously treated decedent "for the same illness * * * or condition which gave rise to the said act, omission or failure" (CPLR 214-a; *see, Green v Varnum,* 273 AD2d 906, 907). "Merely because defendant[ ] did not diagnose plaintiff's decedent's condition as cancer is not a basis to find that [he was] not treating him for it if his symptoms were such as to indicate its existence and [he] nevertheless failed to properly diagnose it" (*Hill v Manhattan W. Med. Group-H.I.P.,* 242 AD2d 255; *see, Green v Varnum, supra,* at 907). We modify the order, therefore, by denying defendants' cross motion and reinstating the complaint with respect to claims based on medical services provided by defendant prior to January 21, 1994. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.