■ David Geller et al., Appellants, v Port Jefferson Obstetrics and Gynecology, P.C., et al., Respondents, et al., Defendants. [742 NYS2d 872] —In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the ·Supreme Court, Suffolk County (Klein, J.), dated May 7, 2001, which granted the motion of the defendants Port Jefferson Obstetrics and Gynecology, P.C., Donald F. Bruhn, Frank R. Collier, Philip J. Markowski, M.D., P.C., Frank Raphael Collier, Philip J. Markowski, and Stephen Golub, inter alia, to strike their note of issue to the extent of striking their amended bills of particulars.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Pursuant to CPLR 3042 (b), a party may serve an amended bill of particulars, as of right, once before the filing of a note of issue. Such an amendment " 'can [make] any change at all in the bill,' " and enables a party to include whatever could have been included in the original bill of particulars (*Martinovics v New York City Health & Hosps. Corp.,* 285 AD2d 532, 535, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3042:14, at 538). Since the plaintiffs served their first amended bills of particulars prior to the filing of the note of issue and service of the first amended bills of particulars was not prohibited by the preliminary conference order signed by the parties, the amended bills should have been allowed (*see Martinovics v New York City Health & Hosps. Corp., supra; Dubose v New York City Health & Hosps. Corp.,* 229 AD2d 312; *Torre v Cifarelli,* 157 AD2d 713).

The respondents' alternative contention is without merit. Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.