■ STANLEY GUGLICH et al., Appellants, v GLENN SCHWARTZ, M.D., et al., Respondents, et al., Defendant. [758 NYS2d 653] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered July 9, 2001, which, inter alia, granted the motion of defendants-respondents for summary judgment dismissing the complaint in this medical malpractice action as against them as time-barred, unanimously affirmed, without costs.

Plaintiff Stanley Guglich commenced this action in July 1999, alleging that defendant-respondent doctors by reason of negligence caused and/or failed to diagnose an infection of his knee. In 1996, the infection was successfully treated by removal of a previously inserted knee prosthesis followed by a course of antibiotic treatment and reinsertion of the prosthesis. According to plaintiff's bill of particulars, the complained-of negligence occurred "on or about 1994 and no later than June 1996." It follows that unless defendants-respondents' subsequent treatment of plaintiff through at least January 1997 may be deemed "continuous treatment," i.e., treatment running continuously from and related to the condition that gave rise to the lawsuit, the action as against defendants-respondents is time-barred under the applicable 2½-year limitation period (CPLR 214-a; *see Nykorchuck v Henriques*, 78 NY2d 255 [1991]; *McDermott v Torre*, 56 NY2d 399, 405 [1982]). Plaintiff did not, in response to defendants-respondents'

prima facie showing of entitlement to judgment as a matter of law (*see Massie v Crawford*, 78 NY2d 516, 519 [1991]), meet his resulting burden to raise a triable issue as to whether his treatment by defendants subsequent to 1996 and through at least January 1997 was for the same condition that defendants allegedly caused and/or failed to diagnose. Accordingly, the grant of summary judgment dismissing the complaint as time-barred was proper (*see id.; cf. Ramirez v Friedman*, 287 AD2d 376 [2001]). Concur—Buckley, P.J., Nardelli, Mazzarelli, Sullivan and Gonzalez, JJ.