■ DAVID J. DOYAGA et al., Appellants, v COLUMBIA-PRESBYTERIAN MEDICAL CENTER, Respondent. [762 NYS2d 636] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Goldberg, J.), dated May 6, 2002, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered June 28, 2002, which, upon the order, dismissed the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from judgement (*see* CPLR 5501 [a] [1]).

Denise Joachim worked as a nurse in the emergency room of the defendant Columbia-Presbyterian Medical Center (hereinafter the Hospital) since 1991. In March 1994 a patient spit in her eye, and, as a result, according to protocol, she had her eye flushed, her blood drawn to test for HIV and Hepatitis B antibodies, and she received a Hepatitis B booster shot in the emergency room. She was instructed to report to the employee health services for follow-up, and a few days later she was informed that the test for HIV was negative and for Hepatitis B antibodies was positive, meaning that she was not at risk. The blood tests also revealed, but she was not informed, that she tested positive for Hepatitis C. Over the years, she visited the emergency room and the employee health services clinic for a variety of ailments. In 1997, as a result of applying for life insurance, she learned that she had Hepatitis C. She and her husband commenced this medical malpractice action on or about July 24, 1998, against the Hospital for failing to inform her in 1994 about the Hepatitis C, a potentially fatal illness. The Hospital moved for summary judgment dismissing the complaint on the ground, inter alia, that the statute of limitations for commencing a medical malpractice action had expired for claims preceding January 24, 1996.

The Hospital met its initial burden of demonstrating that CPLR 214-a barred this medical malpractice action relating to the alleged act of malpractice in March 1994. The burden then shifted to the plaintiffs to establish that the continuous treatment doctrine tolled the statute of limitations (*see Massie v Crawford,* 78 NY2d 516 [1991]). Here, the plaintiffs failed to raise an issue of fact that the injured plaintiff contemplated or received continuous treatment for Hepatitis C or symptoms related to, or consistent with, Hepatitis C (*see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291 [1998]; *Nykorchuck v Henriques,* 78 NY2d 255 [1991]; *McInnis v Block,* 268 AD2d 509 [2000]; *cf. Couch v County of Suffolk,* 296 AD2d 194 [2002]). Accordingly, the Supreme Court properly granted the Hospital's motion for summary judgment dismissing the complaint.

In light of this Court's determination that the action was

time-barred by the application of the statute of limitations as contained in CPLR 214-a, the plaintiffs' remaining contention is academic. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.