■ JACK DIGNOTI, as Administrator of the Estate of GIACOMO DIGNOTI, Deceased, Respondent, v SIDNEY PLAWES, Appellant. [774 NYS2d 791]—In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated October 18, 2002, as denied those branches of his motion which were to dismiss as time-barred so much of the complaint as sought to recover damages for alleged malpractice committed before December 28, 1998, and to strike any references in the bill of particulars to alleged malpractice committed before that date.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were to dismiss as time-barred so much of the complaint as sought to recover damages for alleged malpractice committed before December 28, 1998, and to strike any references in the bill of particulars as to alleged malpractice committed before that date are granted.

The plaintiff's decedent commenced this action to recover damages for medical malpractice. He alleged that the defendant doctor, inter alia, negligently failed to diagnose lung cancer. The defendant moved, among other things, for partial summary judgment dismissing as time-barred so much of the complaint as sought to recover damages for alleged malpractice committed before December 28, 1998, and to strike any references in the bill of particulars as to alleged malpractice committed before that date (see CPLR 214-a; *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291 [1998]; *Salato v Gross*, 84 AD2d 563, 564 [1981]). In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law for that relief, the plaintiff failed to raise a triable issue of fact that the statute of limitations was tolled by the continuous treatment doctrine (see *Massie v Crawford*, 78 NY2d 516 [1991]; *Doyaga v Columbia-Presbyt. Med. Ctr.*, 307 AD2d 333 [2003]; cf. *Couch v County of Suffolk*, 296 AD2d 194 [2002]). Thus, the requested relief should have been granted. Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.