■ Jeffrey E. Davidson, as Executor of Donald L. Davidson, Deceased, et al., Appellants, v John G. O'Brien, M.D., et al., Respondents. [801 NYS2d 861]—

Appeal from an order of the Supreme Court, Onondaga County (Norman W. Seiter, Jr., J.), entered May 21, 2004. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Donald L. Davidson (decedent) was treated by John G. O'Brien, M.D. (defendant) on numerous occasions from 1991 through 2002. Although decedent complained of erectile dysfunction in 1989 and 1992, he made no further complaints of such dysfunction until March 1999. At that time, defendant prescribed Viagra. In August 2000 defendant increased the strength of the prescription, and in June 2001 decedent was referred to a urologist and diagnosed with prostate cancer. On May 23, 2003, decedent and his wife, plaintiff Mary Cooper Davidson, commenced this medical malpractice action alleging, inter alia, that defendant failed to diagnose decedent's prostate cancer.

Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Although defendants met their initial burden of establishing that the action was time-barred, we conclude that plaintiffs raised a triable issue of fact whether the statute of limitations was tolled by the continuous treatment doctrine (see CPLR 214-a). Plaintiffs submitted

evidence that decedent's return visits were contemplated by both decedent and defendant and that defendant treated decedent for a symptom "indicating the existence" of prostate cancer (*Green v Varnum*, 273 AD2d 906, 907 [2000]). Thus, plaintiffs raised a triable issue of fact whether defendant continuously treated decedent "for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a; *see Green*, 273 AD2d at 907; *see also Shifrina v City of New York*, 5 AD3d 660, 662 [2004]; *Hein v Cornwall Hosp.*, 302 AD2d 170, 173-174 [2003]; *Bonanza v Raj*, 280 AD2d 948, 949 [2001]; *Hill v Manhattan W. Med. Group—H.I.P.*, 242 AD2d 255 [1997]; *cf. Doyaga v Columbia-Presbyterian Med. Ctr.*, 307 AD2d 333, 334 [2003]). "Merely because defendant[ ] did not diagnose . . . decedent's condition as cancer is not a basis to find that [he was] not treating [decedent] for it if his symptoms were such as to indicate its existence and [defendant] nevertheless failed to properly diagnose it" (*Hill*, 242 AD2d at 255). Present—Pigott, Jr., P.J., Gorski, Martoche, Pine and Lawton, JJ.