■ Gary V. Mattis et al., Appellants, v Keen, Zhao et al., Defendants, and Michael Palmeri, M.D., et al., Respondents. [864 NYS2d 6]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered March 10, 2008, which, insofar as appealable and appealed from, denied sub silentio plaintiffs' motion to renew an order, same court and Justice, entered on or about October 18, 2007, inter alia, granting the motion of defendants Ginsberg and Sound Shore Medical Center of Westchester (Sound Shore) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law and the facts, without costs, the motion to renew granted, and upon renewal, Ginsberg's and Sound Shore's motion for summary judgment denied and the complaint reinstated as against them. Appeal from the October 18, 2007 order unanimously dismissed, without costs, as academic in view of the foregoing.

Plaintiff Gary Mattis injured his left shoulder in a motor vehicle accident. Surgery was performed at Sound Shore with anesthesia being administered by Ginsberg, who was not an employee of Sound Shore. The surgery was successful and plaintiff initially awoke from the anesthesia and was responsive in the operating room. However, by the time he arrived at the recovery room or shortly thereafter, he was unresponsive, had an elevated heart rate, was hyperventilating, and began seizing.

The initial motion for summary judgment dismissing the complaint as against, inter alia, Ginsberg and Sound Shore was properly granted. Defendants met their initial burden of establishing that they did not deviate from accepted medical practice in the treatment of plaintiff, or that they in any way proximately caused his injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Plaintiffs' opposition to the motion failed to raise a triable issue inasmuch as the affirmation from their medical expert was unaffirmed, unsigned and redacted the name of the expert. Although CPLR 3101 (d) (1) (i) permits a party to omit the names of medical experts in an action for medical malpractice (*see e.g. Vega v Mount Sinai-NYU Med. Ctr. & Health Sys.*, 13 AD3d 62, 63 [2004]), plaintiffs failed to explain why the affirmation was unsigned and redacted and did not provide the court with an unredacted version of the affirmation "to ensure that the purported expert in fact exist[s]" (*Kruck v St. John's Episcopal Hosp.*, 228 AD2d 565, 566 [1996]).

However, the motion court's sub silentio denial of the motion to renew was error. Plaintiffs set forth additional facts supporting a theory of liability for medical malpractice under the doctrine of res ipsa loquitur. Plaintiffs submitted a revised affirmation from their medical expert explaining in greater detail the expert's basis for concluding that Ginsberg departed from good and accepted medical practice and how this departure resulted in the brain damage suffered by plaintiff. Plaintiffs also submitted an affirmation from their attorney explaining the reason why the identity of the expert was redacted and offering to provide the court with an unredacted version for in camera review. Counsel further stated that the initial failure to provide the court with an explanation as to why the expert's affirmation was unsigned and redacted was inadvertent and attributable to the fact that counsel took over the case from plaintiffs' prior attorney after defendants had moved for summary judgment.

Although motions to renew should be based on newly discovered facts that could not have been offered on the prior motion, courts have discretion to relax this requirement and grant the motion in the interest of justice (*see Mejia v Nanni,*

307 AD2d 870, 871 [2003]). Because plaintiffs' attorney affirmation properly explains why their medical expert's affirmation was unsigned and redacted, it is admissible pursuant to CPLR 3101 (d) (1) (i) (*see Thomas v Alleyne*, 302 AD2d 36, 38 [2002]). Moreover, the evidence raises triable issues of fact as to all elements of res ipsa loquitur. Plaintiffs' medical expert explained that the deprivation of oxygen to plaintiff's brain is an event that would not ordinarily occur unless there was negligence on the part of the anesthesiologist; plaintiff was under Ginsberg's and other Sound Shore personnel's exclusive control before, during and after the surgery; and there is no evidence that plaintiff, having just come out of surgery and still emerging from the anesthesia, did anything to contribute to his condition (*see States v Lourdes Hosp.*, 100 NY2d 208, 211 [2003]).

We have considered the remaining contentions of Ginsberg and Sound Shore and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.