██ Tascha Adams, as Administrator of the Estate of Juanita Adams, Deceased, Respondent, v Ephraim Back et al., Appellants, et al., Defendants. [883 NYS2d 628]—

McCarthy, J. Appeal from an order of the Supreme Court (Kramer, J.), entered July 28, 2008 in Schenectady County,

which, among other things, denied a motion by defendants Ephraim Back and St. Clare's Hospital for partial summary judgment.

Juanita Adams (hereinafter decedent) had been a patient of defendant Ephraim Back since 1997. Between 1997 and 2005, decedent, who had a history of smoking, was treated for many ailments, including repeated upper respiratory infections, sputum-producing coughs, wheezing, hoarseness and bronchitis. In December 2003, she had an abnormal chest X ray following complaints of a persistent cough, blood in the sputum and a fever. No follow-up chest X ray, blood work or other diagnostic test was ordered at this time. She thereafter continued to make complaints of upper respiratory problems and also experienced significant and unintended weight loss. On June 22, 2005, approximately eight weeks after diagnosis, she died from lung cancer.

Plaintiff then commenced this action to recover for medical malpractice and wrongful death on December 27, 2006 alleging a failure to timely diagnose this condition. Back and defendant St. Clare's Hospital (hereinafter collectively referred to as defendants) moved for partial summary judgment dismissing, as time-barred, any allegation of malpractice arising out of treatment prior to June 27, 2004. Defendants also moved to compel expert disclosure in compliance with CPLR 3101 (d). Plaintiff opposed the motion and cross-moved to strike two affirmative defenses (one alleging statute of limitations and another alleging failure to state a cause of action). Supreme Court denied defendants' motion and granted plaintiff's cross motion to strike. This appeal ensued.

While defendants established a prima facie entitlement to summary judgment dismissing, as time-barred, so much of the complaint as was based on alleged acts of medical malpractice committed prior to June 27, 2004, the period that was more than 2½ years prior to commencement of this action (see CPLR 214-a; *Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Waring v Kingston Diagnostic Radiology Ctr.*, 13 AD3d 1024, 1025 [2004]), plaintiff raised a triable issue of fact as to whether the treatment received during this period constituted continuous treatment sufficient to toll the statute of limitations (see *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296-297 [1998]).* In short, decedent was continuously under the care of Back (see *Richardson v Orentreich*, 64 NY2d 896

* In finding that plaintiff raised a question of fact on this issue, we note that Supreme Court erred by striking the affirmative defense of the statute of limitations with respect to acts occurring prior to June 27, 2004.

[1985]) during which time she repeatedly sought treatment for symptoms which, according to plaintiff's expert affidavit, were indicative of lung cancer (*see Ramos v Rakhmanchik*, 48 AD3d 657 [2008]; *Davidson v O'Brien*, 21 AD3d 1330, 1330-1331 [2005]; *Bonanza v Raj*, 280 AD2d 948, 949 [2001]; *Green v Varnum*, 273 AD2d 906, 907 [2000]; *Hill v Manhattan W. Med. Group—H.I.P.*, 242 AD2d 255, 255-256 [1997]).

Next, in denying defendants' motion "in its entirety," Supreme Court was obviously unpersuaded by their contention that the affidavit of plaintiff's expert had no probative value because it was "unsigned and unsworn." In opposing summary judgment, plaintiff's counsel averred that he was submitting a redacted affidavit to omit reference to the expert's identity (*see* CPLR 3101 [d] [1] [i]), and further averred that he would provide the original to Supreme Court in camera (*compare Wilcox v Winter*, 282 AD2d 862, 863-864 [2001]). In response to an allegation by defense counsel that this affidavit was never actually signed or sworn to, plaintiff's counsel thereafter represented on the record in open court that it had indeed been signed and offered to show it to the court if his representations as "an officer of the court" were not sufficient.

To be sure, the record does not specifically reveal whether Supreme Court actually reviewed the unredacted affidavit during that court appearance or at some point before signing the order denying summary judgment. Supreme Court's disposition of the matter reveals that the court was indeed satisfied that the affidavit was in sufficient form (*compare Morrison v Hindley*, 221 AD2d 691, 693 [1995]). Given this disposition, in conjunction with the unequivocal offers by plaintiff's counsel to submit the affidavit for in camera review and representations on the record that it had in fact been signed (*see Mattis v Keen, Zhao*, 54 AD3d 610, 611-612 [2008]; *Rose v Horton Med. Ctr.*, 29 AD3d 977, 978 [2006]; *Kruck v St. John's Episcopal Hosp.*, 228 AD2d 565, 566 [1996]), we are unpersuaded by defendants' contention that Supreme Court erred in denying their motion for summary judgment on the ground that plaintiff failed to meet her burden of raising a question of fact with competent evidence.

Finally, we find no abuse of discretion in Supreme Court finding that plaintiff's supplemental expert disclosure was adequate (*see* CPLR 3101 [d] [1]; *Cocca v Conway*, 283 AD2d 787, 788 [2001], *lv denied* 96 NY2d 721 [2001]; *see generally Gross v Sandow*, 5 AD3d 901, 902 [2004], *lv dismissed and denied* 3 NY3d 735 [2004]; *Washington v Albany Hous. Auth.*, 297 AD2d 426, 428 [2002]) or in the court's tacit rejection of defendants' claim that plaintiff's opposition papers should not have been

considered on timeliness grounds, particularly in the absence of any demonstration of prejudice to defendants.

Cardona, P.J., Rose, Kane and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion to strike the statute of limitations defense of defendants Ephraim Back and St. Clare's Hospital; said cross motion denied to said extent; and, as so modified, affirmed.