McKeon, PJ. (concurring in part and dissenting in part).
I agree with the majority that Civil Court properly exercised its discretion in granting renewal and permitting plaintiff to cure deficiencies in the expert affirmation submitted in opposition to defendant’s motion for summary judgment (see Mattis v Keen, Zhao, 54 AD3d 610 [2008]). I disagree, however, with the majority’s conclusion that the affirmation of plaintiffs expert was sufficient to raise issues of fact warranting a trial.
While plaintiff’s expert opined that defendant’s employees departed from good and accepted dental practice in their treatment of plaintiff, apparently in not initially utilizing more conservative modalities, nary a word is uttered on how that supposed deviation caused the multitude of physical complaints alleged in plaintiff’s bill of particulars. Plaintiff’s expert’s opinion on causation consisted of nothing more than a generalized, conclusory statement that plaintiffs pain and suffering, both past and future, were caused by defendant’s alleged malpractice.
Defendant’s expert, on the other hand, was quite specific in explaining that plaintiffs claimed injuries were either preexisting, caused by smoking or poor oral hygiene, or neurologically and/or physiologically impossible, based on the treatment rendered by defendant.
*53 Plaintiffs submissions, in my view, were legally insufficient to establish a causal nexus between the claimed departure and plaintiffs injuries (Koeppel v Park, 228 AD2d 288 [1996]). Thus, on renewal, defendant was entitled to summary judgment dismissing the complaint.
Schoenfeld and Heitler, JJ., concur; McEeon, EJ., concurs in part and dissents in part in a separate opinion.