■ KATHRYN SIMONS et al., Respondents, v BASSETT HEALTH CARE et al., Appellants. [900 NYS2d 781]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lebous, J.), entered June 26, 2009 in Otsego County, which, among other things, partially denied defendants' motion for summary judgment dismissing the complaint.

In December 2001, plaintiff Kathryn Simons (hereinafter plaintiff) became a patient at defendant Bassett Health Care and, over the next several years, received treatment for a variety of medical conditions including, among other things, migraines, other headaches and sinus infections. On June 9, 2003, in connection with a bone fracture in plaintiff's foot, a whole body bone scan of plaintiff was performed. The radiologist noticed an abnormality in the right side of plaintiff's skull and ordered X rays, the results of which prompted him to recommend a CT scan for the purpose of ruling out a possible meningioma. According to plaintiff, she was never advised of these findings and a CT scan was not performed at that time. Subsequently, from June 2003 through November 2004, Bassett's providers continued to treat plaintiff for a variety of complaints, including migraines, headaches, dizziness, vision problems, facial pain and swelling on the right side of her face. In November 2004, a CT scan was conducted in connection with plaintiff's various complaints of "sinusitis-type pains over the right side of her face around her right eye." That scan detected a right-side orbital mass which, upon referral, was diagnosed by third parties as meningioma.

Plaintiff and her husband, derivatively, commenced this medical malpractice action in March 2007, alleging that Bassett and its division, defendant Prime Care, deviated from accepted medical standards by, among other things, failing to disclose the June 9, 2003 bone scan results so that a timely diagnosis and appropriate follow-up care could have lessened or prevented the consequences of the meningioma. Following joinder of issue, defendants moved for summary judgment dismissing the complaint as untimely. Plaintiffs cross-moved for partial summary judgment seeking, among other things, that certain affirmative defenses be stricken. Supreme Court partially granted plaintiffs' cross motion and, as relevant herein, denied that part of defend-

ants' motion seeking dismissal of the medical malpractice cause of action as untimely. The court found that triable issues of fact existed with respect to the application of the continuous treatment doctrine to that cause of action, prompting this appeal by defendants.

The narrow issue presented is whether Supreme Court should have dismissed the medical malpractice cause of action as barred by the applicable 2½-year statute of limitations (see CPLR 214-a). Defendants met their initial burden of establishing entitlement to summary judgment on that ground by presenting undisputed proof that this action was commenced approximately three years and eight months after the alleged failure of defendants' providers to communicate or act upon the June 9, 2003 bone scan and X-ray results. Thus, the burden shifted to plaintiffs to demonstrate triable issues of fact as to whether the continuous treatment doctrine tolled the statute of limitations (see CPLR 214-a; Massie v Crawford, 78 NY2d 516, 519 [1991]; Waring v Kingston Diagnostic Radiology Ctr., 13 AD3d 1024, 1025 [2004]). Upon review of the record, we conclude that the court properly found that questions of fact were presented.

Notably, the continuous treatment doctrine tolls the commencement of the limitations period until the end of a course of treatment "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (McDermott v Torre, 56 NY2d 399, 405 [1982] [internal quotation marks and citation omitted]). Where, in a case such as this, it is alleged that a medical practitioner fails to properly diagnose a condition, the continuous treatment doctrine may apply as long as the symptoms being treated indicate the presence of that condition (see Davidson v O'Brien, 21 AD3d 1330, 1331 [2005]; Bonanza v Raj, 280 AD2d 948, 949 [2001]).

Here, plaintiffs' medical expert, Guy Napolitana, a board certified physician in the field of internal medicine, described in an affidavit how, upon review of plaintiff's medical records and deposition testimony, he identified several dates between June 2003 and November 2004 when defendants' personnel provided treatment for symptoms and complaints suggestive of or consistent with a meningioma. Although there is no question that certain of the visits relied on by Napolitana focused primarily on other intermittent or discrete conditions, such as plaintiff's reaction to a bee sting or her foot fracture, which could not constitute continuous treatment for a condition suggestive of a meningioma (see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 268 [2002]; Young v New York City Health

& *Hosps. Corp.*, 91 NY2d 291, 296 [1998]), significantly, the medical records for many of these visits make express additional references to complaints or ongoing treatment of migraines, headaches, dizziness, pain on the right side of her face and blurred vision. These records also reflect the scheduling of regular follow-up visits to address these complaints, thus presenting a factual question as to whether further treatment of conditions suggestive of meningioma were contemplated (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d at 297). Under the circumstances, we find no basis to disturb Supreme Court's denial of defendants' motion for summary judgment on statute of limitations grounds (*see McDermott v Torre*, 56 NY2d at 406).

We have examined defendants' remaining arguments and find them to be unpersuasive.

Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 24 Misc 3d 1208(A), 2009 NY Slip Op 51303(U).]**