■ SANDRA HILTS, Appellant-Respondent, v FF THOMPSON HEALTH SYSTEM, INC., Doing Business as THOMPSON HEALTH, et al., Respondents, and ROBERT J. OSTRANDER, M.D., Respondent-Appellant. (Appeal No. 1.) [910 NYS2d 748]—Appeal and cross appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered June 23, 2009 in a medical malpractice action. The order granted in part and denied in part the motion of defendants for summary judgment.

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered December 14, 2009 in a medical malpractice action. The order granted plaintiff's motion for leave to reargue and, upon reargument, granted the motion of defendants for summary judgment with respect to treatment received by plaintiff prior to September 20, 2003.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of defendants' motion seeking summary judgment dismissing the complaint against defendants Valley View Family Practice Associates, LLP, Kathryn R. VanGelder, N.P. and Robert J. Ostrander, M.D. insofar as it is based on their acts of negligence occurring prior to September 20, 2003 and reinstating the complaint against those defendants to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action on March 20, 2006 alleging, inter alia, that defendants failed to diagnose an aneurysm of her middle cerebral artery, which ruptured on October 31, 2003. Plaintiff first visited defendant Valley View Family Practice Associates, LLP (Valley View) with respect to her headaches in November 1996, and defendant Robert J. Ostrander, M.D., her primary care physician, diagnosed her with daily chronic headache disorder and prescribed Amitriptyline. That was the last time that Dr. Ostrander saw plaintiff concerning her headaches. Over the next seven years, however, plaintiff visited Valley View approximately 12 times, and she usually saw defendant Kathryn R. VanGelder, N.P. On many of those visits, the headaches plaintiff experienced or her Amitriptyline prescription were discussed. The last time plaintiff visited Valley View concerning her headaches prior to her ruptured aneurysm was on January 3, 2001. Following that appointment, plaintiff continued to receive prescriptions for Amitriptyline from Valley View, and she also had an office visit with VanGelder on May 3, 2003. While the main focus of that visit was an unrelated sinus condition, the office notes indicate that plaintiff's headaches were discussed, and a long term medicine log was created, with Amitriptyline being the only drug noted therein.

Defendants moved for summary judgment dismissing the complaint. Supreme Court granted that part of the motion seeking summary judgment dismissing the complaint against defendant FF Thompson Health System, Inc., doing business as Thompson Health. In addition, the court granted those parts of

the motion seeking summary judgment dismissing as time-barred the complaint against Dr. Ostrander, Valley View and VanGelder (hereafter, defendants-respondents) insofar as it is based on their acts of negligence occurring prior to September 20, 2003, 2$^{1}/_{2}$ years prior to the date on which the action was commenced (*see* CPLR 214-a). Plaintiff thereafter moved for leave to "reargue and renew" her opposition to those parts of the motion concerning acts of negligence by defendants-respondents prior to September 20, 2003. We agree with plaintiff that the court, upon granting her motion, erred in adhering to its prior determination with respect to those acts of negligence.

Although defendants-respondents established their entitlement to judgment as a matter of law, plaintiff raised a triable issue of fact whether the continuous treatment doctrine operates to toll the statute of limitations (*see e.g. Simons v Bassett Health Care*, 73 AD3d 1252, 1254 [2010]; *Bonanza v Raj*, 280 AD2d 948 [2001]). The continuous treatment doctrine tolls the statute of limitations " 'when the course of treatment [that] includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre*, 56 NY2d 399, 405 [1982]). The doctrine applies where the plaintiff submits evidence establishing "that some of [his or] her return visits to defendants were contemplated by both plaintiff and defendants[ ] and that defendants treated plaintiff for symptoms indicating the existence of" an undiagnosed condition (*Green v Varnum*, 273 AD2d 906, 907 [2000]; *see Bonanza*, 280 AD2d 949). "Where, in a case such as this, it is alleged that a medical practitioner fails to properly diagnose a condition, the continuous treatment doctrine may apply as long as the symptoms being treated indicate the presence of that condition" (*Simons*, 73 AD3d at 1254).

In opposition to the motion, plaintiff submitted an affidavit from an expert physician establishing that her complaints of headaches dating back to her office visit with Dr. Ostrander in 1996 were related to the aneurysm she sustained in 2003, and that the failure of defendants-respondents to order additional diagnostic tests that would have disclosed the aneurysm constituted a departure from the accepted standard of medical care. We reject the contention of defendants-respondents that plaintiff's visits were sporadic and not indicative of a course of continuous treatment, inasmuch as plaintiff submitted evidence in opposition to the motion establishing that at least "some of her return visits to defendants[-respondents concerning her headaches] were contemplated by both plaintiff and defendants[-respondents]" (*Green*, 273 AD2d at 907). In addition, de-

fendants-respondents frequently prescribed medication for plaintiff's headaches (*see Stilloe v Contini*, 190 AD2d 419, 421-422 [1993]). Although they contend that there were significant gaps in those prescriptions, plaintiff stated that she continually took her medication as directed, and her allegation that she sometimes received medication not reflected by actual prescription scripts is supported by notes in the records of defendants-respondents.

We therefore modify the order by denying those parts of defendants' motion seeking summary judgment dismissing the complaint against defendants-respondents insofar as it is based on their acts of negligence occurring prior to September 20, 2003 and reinstating the complaint against defendants-respondents to that extent. Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.