■ JANE WILSON, as Administratrix of the Goods and Chattels and Credits Which Were of TRACY A. ALLEN, Deceased, Respondent, v SOUTHAMPTON URGENT MEDICAL CARE, P.C., et al., Appellants, et al., Defendants. [977 NYS2d 224]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 15, 2012, which denied defendants Southampton Urgent Medical Care, P.C. (Urgent Care), Mark Kot, and Andrea Libutti's motion for summary judgment dismissing as against them any claims arising before June 4, 2005, as time-barred, unanimously affirmed, without costs.

Plaintiff's decedent received treatment at Urgent Care, a walk-in clinic, on 11 occasions between September 1, 2003 and July 21, 2005. Defendant Kot was the sole shareholder and main physician at Urgent Care. Defendant Libutti was a part-time independent physician-contractor who saw the decedent on three occasions.

The decedent passed away on December 20, 2005. On December 4, 2007, plaintiff commenced this action for medical malpractice, lack of informed consent and wrongful death based on allegations that Kot and Urgent Care failed to timely diagnose and treat the decedent's lung cancer. By supplemental summons and amended verified complaint filed March 31, 2008, plaintiff added Libutti as a defendant. Defendants moved to dismiss all claims for treatment that occurred before June 4, 2005 as barred by the statute of limitations.

Defendants made a prima facie showing that so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed before June 4, 2005, was barred by the governing $2^{1/2}$ year statute of limitations (see CPLR 214-a). They submitted the original summons and complaint, which named Urgent Care and Kot as defendants, demonstrating that the action was not commenced by filing until December 4, 2007 (see Baptiste v Harding-Marin, 88 AD3d 752 [2d Dept 2011], lv denied 19 NY3d 808 [2012]; Guglich v

*Schwartz*, 305 AD2d 134 [1st Dept 2003]). This shifted the burden to plaintiff to raise an issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable as to each defendant (*see Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Peykarian v Yin Chu Chien*, 109 AD3d 806 [2d Dept 2013]).

Pursuant to the continuous treatment doctrine, the commencement of the limitations period is tolled until the end of a course of treatment "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*McDermott v Torre*, 56 NY2d 399, 405 [1982] [internal quotation marks omitted]; *see also Prinz-Schwartz v Levitan*, 17 AD3d 175 [1st Dept 2005]). Where the malpractice claim is based on an alleged failure to properly diagnose a condition, "the continuous treatment doctrine may apply as long as the symptoms being treated indicate the presence of that condition" (*Simons v Bassett Health Care*, 73 AD3d 1252, 1254 [3d Dept 2010]; *see also Hein v Cornwall Hosp.*, 302 AD2d 170 [1st Dept 2003]). Thus, the issue is whether before June 5, 2004 defendants "were consistently treating and/or monitoring the decedent for specific symptoms related to lung cancer" (*Chestnut v Bobb-McKoy*, 94 AD3d 659, 661 [1st Dept 2012]).

The record, read in a light most favorable to plaintiff, presents a triable question of fact as to whether the decedent's visits to defendants from September 1, 2003 and July 21, 2005 were part of a continuous treatment for symptoms (headaches) that were ultimately traced to her metastasized lung cancer (*see* CPLR 214-a; *Chestnut v Bobb-McKoy*, 94 AD3d at 660-661). Kot and Libutti, and defendant physician Michael Ameres testified at their depositions that a brain tumor from metastasized lung cancer would cause headaches. Ameres stated that, based on the decedent's history of headaches, he had considered the possibility of a brain tumor in the differential diagnosis, and, on that basis, had recommended an MRI and neurological consult. Accordingly, the motion for summary judgment must be denied (*see Simons v Bassett Health Care*, 73 AD3d at 1254 ["Although there is no question that certain of the visits relied on by Napolitana focused primarily on other intermittent or discrete conditions, such as plaintiff's reaction to a bee sting or her foot fracture, which could not constitute continuous treatment for a condition suggestive of a meningioma, significantly, the medical records for many of these visits make express additional references to complaints or ongoing treatment of migraines, headaches, dizziness, pain on the right side of her face and blurred

vision. These records also reflect the scheduling of regular follow-up visits to address these complaints, thus presenting a factual question as to whether further treatment of conditions suggestive of meningioma were contemplated" (citations omitted)]).

Defendant Libutti argues that the action should nevertheless be dismissed as against her because she was not added as an additional defendant until March 31, 2008, more than 2½ years after the decedent was last treated at Urgent Care on July 21, 2005. This statute of limitations defense may ultimately prove to be meritorious (see Lopez v Wyckoff Hgts. Med. Ctr., 78 AD3d 664 [2d Dept 2010]; Boodoo v Albee Dental Care, 67 AD3d 717, 718 [2d Dept 2009]), but it is improperly raised for the first time on appeal (Choudhary v First Option Tit. Agency, 107 AD3d 657 [2d Dept 2013]). However, since defendant Libutti was not represented by separate counsel on the original motion, under the particular circumstances of this case we direct that she be afforded the opportunity to renew her motion for summary judgment to raise the defense, which does not apply to the other defendants. Concur—Mazzarelli, J.P., Andrias, Freedman and Gische, JJ. **[Prior Case History: 36 Misc 3d 1234(A), 2012 NY Slip Op 51595(U).]**