Beckwith v Bowen (2018 NY Slip Op 00731)





Beckwith v Bowen


2018 NY Slip Op 00731


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1379 CA 17-01221

[*1]NATALIE BECKWITH AND JON BECKWITH, PLAINTIFFS-RESPONDENTS,
v
JOHN BOWEN, M.D. AND ASSOCIATES FOR WOMEN'S MEDICINE, PLLC, DEFENDANTS-APPELLANTS. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (MICHAEL P. RINGWOOD OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
DEFRANCISCO & FALGIATANO, LLP, EAST SYRACUSE (JEFF D. DEFRANCISCO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered December 8, 2016. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action on April 10, 2015 seeking damages for injuries sustained by Natalie Beckwith (plaintiff) as a result of two surgeries performed by defendant John Bowen, M.D. in October 2011 and March 2012, respectively. The complaint asserts three causes of action, for negligence, for lack of informed consent, and a derivative cause of action on behalf of plaintiff's husband, plaintiff Jon Beckwith. Defendants moved for summary judgment dismissing the complaint on the procedural ground that the complaint was untimely pursuant to CPLR 214-a, as well as on substantive grounds, e.g., that as a matter of law they did not deviate or depart from required standards of care and that they obtained from plaintiff the requisite informed consent. Supreme Court denied the motion, and we affirm.
Even assuming, arguendo, that defendants established their entitlement to judgment as a matter of law on the issue of the statute of limitations, we conclude that plaintiffs raised a triable issue of fact whether the continuous treatment doctrine operated as a toll thereon (see Lohnas v Luzi [appeal No. 2], 140 AD3d 1717, 1718 [4th Dept 2016]). The continuous treatment doctrine tolls the statute of limitations " when the course of treatment [that] includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (McDermott v Torre, 56 NY2d 399, 405 [1982]). In our view, there are issues of fact whether plaintiff continued to treat with Dr. Bowen for the same, rather than separate and discrete, medical conditions from October 4, 2011 until at least June 11, 2013. We therefore find no basis to disturb the court's denial of that part of defendants' motion based on the statute of limitations (see Simons v Bassett Health Care, 73 AD3d 1252, 1255 [3d Dept 2010]).
We further conclude that the court properly denied the motion insofar as it sought summary judgment dismissing the cause of action for negligence. "[O]n a motion for summary judgment, a defendant in a medical malpractice action bears the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the [patient's] injuries" (Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273 [4th Dept 2015]). Here, defendants failed to meet their initial burden inasmuch as the affidavit and deposition testimony of Dr. Bowen set forth only conclusory statements and opinions that the treatment of plaintiff did not deviate from accepted standards of care (see Grant v Hudson Val. Hosp. Ctr., 55 AD3d 874, 874 [2d Dept 2008]; S'Doia v Dhabhar, 261 AD2d 968, 968 [4th Dept 1999]). In any event, even assuming, [*2]arguendo, that defendants met their initial burden, we conclude that the affidavit of plaintiffs' expert raised triable issues of fact with respect to the issues of deviation from the applicable standard of care and proximate cause (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The court also properly denied the motion with respect to the cause of action for lack of informed consent. " To succeed in a medical malpractice cause of action premised on lack of informed consent, a plaintiff must demonstrate that (1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff's position, fully informed, would have elected not to undergo the procedure or treatment' " (Gray v Williams, 108 AD3d 1085, 1086 [4th Dept 2013]). Here, although defendants submitted the affidavit of Dr. Bowen in which he averred that plaintiff was fully advised of the alternatives and risks of the surgeries and that a reasonably prudent patient would have agreed to the surgeries after being so advised, he testified at his deposition that he either failed to discuss certain surgical options with plaintiff or that he could not recall whether he discussed other surgical options with her. Moreover, plaintiffs' expert opined that there are a wide variety of minimally invasive treatment options available for plaintiff's medical condition and that those options were not discussed with plaintiff. Consequently, we agree with the court that there are triable issues of fact with respect to the cause of action for lack of informed consent (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Finally, we conclude that the court properly denied that part of the motion seeking summary judgment dismissing the complaint insofar as asserted against defendant Associates for Women's Medicine, PLLC. A "medical facility is liable for the negligence or malpractice of its employees" (Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]), and it is undisputed that, at the time of alleged malpractice, Dr. Bowen was an employee of that defendant.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court