B. E. M. v Warwick Val. Cent. Sch. Dist. (2022 NY Slip Op 02990)





B. E. M. v Warwick Val. Cent. Sch. Dist.


2022 NY Slip Op 02990


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2017-04515
 (Index No. 9243/06)

[*1]B. E. M., etc., et al., respondents-appellants,
v
Warwick Valley Central School District, et al., respondents, Wayne Rossi, appellant- respondent.


Kaufman Borgeest & Ryan LLP, Valhalla, NY (David Bloom and Jacqueline Mandell of counsel), for appellant-respondent.
Jonathan Rice (Kenneth J. Gorman, New York, NY, of counsel), for respondents-appellants.
Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Wayne Rossi appeals from stated portions of an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated February 21, 2017, and the plaintiffs cross-appeal from the order. The order, inter alia, denied that branch of the cross motion of the defendant Wayne Rossi which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him and granted those branches of the plaintiffs' motion which were for leave to serve and file second and proposed third supplemental and amended bills of particulars as to the defendant Wayne Rossi except insofar as they assert allegations that he violated any rules or regulations. The order, insofar as cross-appealed from, denied those branches of the plaintiffs' motion which were for leave to serve and file second and proposed third supplemental and amended bills of particulars (1) as to the defendant Wayne Rossi with respect to allegations that he violated any rules or regulations, and (2) as to the defendants Warwick Valley Central School District and Warwick Valley High School with respect to allegations that those defendants violated new regulations cited therein, granted those branches of the separate cross motions of the defendants Warwick Valley Central School District, Warwick Valley High School, and Gregory Sirico, and the defendant Wayne Rossi which were to impose sanctions against the plaintiffs and/or their counsel, and directed the plaintiffs and/or their counsel to pay a sanction in the sum of $2,500 to the defendants.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof denying those branches of the plaintiffs' motion which were for leave to serve and file second and proposed third supplemental and amended bills of particulars as to the defendant Wayne Rossi with respect to allegations that he violated any rules or regulations, and substituting therefor a provision granting those branches of the motion except insofar as they assert allegations that the defendant Wayne Rossi violated new rules and regulations not previously cited in the supplemental bill of particulars dated July 23, 2013; as so modified, the order is affirmed insofar as [*2]appealed and cross-appealed from, with one bill of costs to the respondents payable by the respondents-appellants.
On August 26, 2005, the infant plaintiff (hereinafter BEM), then a high school junior, injured his back during a blocking drill in a preseason football practice. BEM sought treatment for his back pain from the defendant Wayne Rossi, a chiropractor. BEM reinjured his back during a football game on September 2, 2005. BEM played football throughout the season despite being in significant pain, and ultimately had to undergo spinal surgery. BEM and his father commenced the instant action alleging, inter alia, negligence against the defendants Warwick Valley Central School District, Warwick Valley High School, and Gregory Sirico, the coach of the football team (hereinafter collectively the Warwick defendants), and chiropractic malpractice against Rossi. The plaintiffs moved, inter alia, for leave to serve and file what they characterized as second and proposed third supplemental and amended bills of particulars, and the Warwick defendants and Rossi separately cross-moved, inter alia, pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) part 130 to impose sanctions against the plaintiffs and/or their counsel. In the order appealed and cross-appealed from, dated February 21, 2017, the Supreme Court granted in part and denied in part the plaintiffs' motion and the defendants' cross motions. Rossi appeals, and the plaintiffs cross-appeal, from the order.
The plaintiffs were entitled to amend their bill of particulars once as of right at any time prior to the filing of the note of issue (see Mackauer v Parikh, 148 AD3d 873). Such amendment enables a party to include whatever could have been included in the original bill of particulars (see Geller v Port Jefferson Obstetrics & Gynecology, 294 AD2d 537). "'Whatever the pleading pleads, the bill must particularize since the bill is intended to [afford] the adverse party a more detailed picture of the claim . . . being particularized'" (Flores v New York City Hous. Auth., 151 AD3d 695, 696, quoting Linker v County of Westchester, 214 AD2d 652, 652).
Here, the plaintiffs served a supplemental bill of particulars dated July 23, 2013, which asserted violation of various rules and regulations, the majority of which were amplified by the second and proposed third supplemental and amended bills of particulars. Contrary to the Supreme Court's determination, the July 23, 2013 supplemental bill of particulars alleged that Rossi was subject to, and violated, numerous rules and regulations, and that such violations resulted in damages. Rossi did not object or move to strike the supplemental bill of particulars. By failing to object or move to strike the July 23, 2013 supplemental bill of particulars, Rossi waived his challenge to the allegations asserted therein (see generally Emigrant Bank v McDonald, 197 AD3d 453; Lischinskaya v Carnival Corp., 56 AD3d 116; Simpson v City of New York, 10 AD3d 601). Therefore, leave to serve and file the second and proposed third supplemental and amended bill of particulars as to Rossi was warranted only with respect to those violations previously asserted in the supplemental bill of particulars.
The parties' remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court