Modica v Cohen (2024 NY Slip Op 05341)

Modica v Cohen

2024 NY Slip Op 05341

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-05240
 (Index No. 519065/19)

[*1]Nicole Modica, respondent, 
v
Stanley Cohen, et al., appellants.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.
Subin Associates LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul Seidenstock], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 25, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was to strike certain allegations asserted in the plaintiff's bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2019, the plaintiff commenced this action against the defendants to recover damages for injuries he allegedly sustained when a vehicle he was operating on the Verrazano-Narrows Bridge was struck by a vehicle operated by the defendant Stanley Cohen and owned by the defendant Lee Cohen. The plaintiff's bill of particulars alleged, inter alia, injuries to the lumbar region of his spine and related surgeries. The defendants moved to enforce a conditional preclusion order dated October 20, 2020, for failure to provide certain discovery, or, in the alternative, to strike the allegations asserted in the bill of particulars pertaining to the plaintiff's alleged injuries to the lumbar region of his spine and related surgeries on the ground that those injuries and surgeries were not caused by the subject accident. The defendants did not move for summary judgment dismissing any portion of the complaint. In an order dated May 25, 2022, the Supreme Court, inter alia, denied that branch of the defendants' motion which was to strike the subject allegations in the bill of particulars. The defendants appeal.
"[A] bill of particulars is intended to amplify the pleadings, limit the proof, and prevent surprise at trial" (Linker v County of Westchester, 214 AD2d 652, 652). Here, the Supreme Court properly denied that branch of the defendants' motion which was to strike the allegations asserted in the bill of particulars pertaining to the plaintiff's alleged injuries to the lumbar region of his spine and related surgeries, as there was no basis for the court to grant the relief requested. To the extent the defendants, in effect, sought a finding that the plaintiff's alleged injuries to the lumbar region of his spine and related surgeries were not attributable to the subject accident, they did not move for summary judgment or for other relief with respect to the complaint (cf. Brewster v FTM Servo, Corp., 44 AD3d 351; Dignoti v Plawes, 6 AD3d 573).
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court