OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case [citations omitted]”
 
 (Winegrad v New York Univ. Med. Ctr.,
 
 64 NY2d 851, 853). Respondents satisfied that burden by demonstrating that they were served with the complaint after the expiration of the two-year-and-six-month Statute of Limitations period for the medical malpractice claims at issue here
 
 (see,
 
 CPLR 214-a). Consequently, appellants bore the burden of demonstrating the existence of triable issues of fact when they argued that the doctrine of continuous treatment tolled the Statute of Limitations for those claims.
 

 The continuous treatment doctrine tolls the Statute of Limitations for a medical malpractice action "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint”
 
 (Borgia v City of New York,
 
 12 NY2d 151, 155). Where there is a direct physician-patient relationship, continuous treatment exists only "when further treatment is explicitly anticipated by both physician and patient as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during that last visit, in conformance with the periodic appointments which characterized the treatment in the immediate past”
 
 (Richardson v Orentreich,
 
 64 NY2d 896, 898-899).
 

 Appellants have failed to show that both Levowitz and appellant Winston Cox (the patient) "explicitly anticipated” that Levowitz would continue to treat Cox. Instead, the record
 
 *907
 
 demonstrates, at best, that Cox possessed an amorphous expectation that he would undergo further diagnostic testing. Consequently, the record reflects that Levowitz’s treatment of Cox ended on April 6, 1988, and appellants failed to raise any triable issues pertaining to continuous treatment from Levowitz’s relationship with Cox.
 

 Appellants also contend that medical treatment rendered by the Kingsboro Medical Group (where Cox’s primary care physician is a partner) should be imputed to Levowitz (a member of Brookdale Surgical Group) because a Kingsboro physician referred Cox to Brookdale and a "consulting” relationship existed between Kingsboro and Brookdale. Assuming the truth of appellants’ allegations, as we must, the most they have demonstrated is the existence of an unwritten practice that Brook-dale will perform noninvasive tests upon receipt of a referral from Kingsboro for a venogram (an invasive X-ray diagnostic procedure involving injection of a dye that highlights the veins in the X-ray film). Although the parties have completed discovery in this case, the record does not contain any evidence which could demonstrate a relevant relationship between Kingsboro and Brookdale sufficient to impute treatment by Kingsboro physicians to Levowitz.
 
 *
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order affirmed, etc.
 

 *
 

 The issue whether treatment rendered by any Kingsboro physician generally may be imputed to any Brookdale physician, and vice versa, is unpreserved and we do not consider it here.