■ STANLEY UROW et al., Appellants, v ORENTREICH MEDICAL GROUP et al., Defendants, and WENDY ANNE EPSTEIN, Respondent. [783 NYS2d 526]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered June 26, 2003, which, to the extent appealed from as limited by the brief, granted the motion of defendant Epstein pursuant to CPLR 3211 (a) (5) and 3212 insofar as to dismiss plaintiffs' medical malpractice and lack of informed consent claims against her in her capacity as executrix of the estate of Allen Epstein, M.D., and order, same court and Justice, entered November 12, 2003, which, to the extent appealed from as limited by the brief and appealable, denied plaintiffs' motion to renew their opposition to the relief afforded defendant Epstein in the prior order, unanimously affirmed, without costs.

Plaintiff Stanley Urow seeks to recover for injuries allegedly occasioned by treatment he received from decedent Dr. Allen Epstein and the Orentreich defendants to remove scar tissue from his nose. The record, however, establishes that plaintiff was last treated by Dr. Epstein for his nasal scarring more than two years and six months before the commencement of this action, and plaintiff has failed to raise any triable issue as to whether the statutory period (*see* CPLR 214-a) should be tolled on the basis of continuing treatment (*see Cox v Kingsboro Med. Group,* 88 NY2d 904, 906 [1996]). It does not avail plaintiff in

his action against Epstein that he was treated at the Orentreich Medical Group as late as November of 1993, i.e., within the statutory period. Although Dr. Epstein had been professionally affiliated with the Orentreich group, he was no longer so affiliated when the treatment at Orentreich within the statutory period occurred. Moreover, it is well settled that when continuing treatment is provided by someone other than the purportedly negligent practitioner, there must be an agency or other relevant relationship between the health care providers to support the imputation of liability (*see Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 339 [1997]). A mere past affiliation is insufficient to create such agency or other relevant relationship (*see id.* at 340).

We have considered plaintiffs' other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Lerner, JJ.