■ RANSOM DUNNING et al., Respondents, v PAUL-MARIE JE-ROME BRISSON, M.D., Appellant. [800 NYS2d 8]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 2, 2004, which, upon reargument, vacated a prior order, same court and Justice, entered December 10, 2003, denied defendant's motion for summary judgment, and restored the action to the calendar, unanimously modified, on the law, to grant the summary judgment motion to the extent of dismissing plaintiff Linda Dunning's derivative claim, and otherwise affirmed, without costs.

After defendant performed surgery on plaintiff Ransom Dunning in July 1999, plaintiff had a postoperative consultation with defendant on August 5, 1999. Plaintiff's next, and last, visit with defendant was on November 22, 1999. In view of the notation in defendant's records that the November 22, 1999 visit was "a follow up consultation," among other things, an issue of fact exists as to whether the November 22 visit continued plaintiff's prior course of treatment, thereby extending the toll of the statute of limitations under the continuous treatment doctrine (*see* CPLR 214-a; *Borgia v City of New York*, 12 NY2d 151, 155 [1962]), or, alternatively, resumed a physician-patient relationship that had terminated with the August 5, 1999 meeting. However, application of the continuous treatment doctrine does not toll the statute of limitations with respect to the derivative claim, and we therefore modify as indicated (*Wojnarowski v Cherry*, 184 AD2d 353, 354-355 [1992]). Concur—Andrias, J.P., Friedman, Marlow, Gonzalez and Catterson, JJ.