LINDA SCHRANK, Appellants, v GILBERT SEYMOUR LEDERMAN et al., Defendants, and STATEN ISLAND UNIVERSITY HOSPITAL, Respondent. [860 NYS2d 556]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 28, 2007, which granted the motion of the defendant Staten Island University Hospital pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting that branch of the motion of the defendant Staten Island University Hospital which was to dismiss the causes of action to recover damages for medical malpractice and lack of informed consent insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Linda Schrank (hereinafter the plaintiff) underwent stereotactic radiation treatment for a brain tumor with the defendant Gilbert Seymour Lederman (hereinafter Lederman), the Director of Radiation Oncology at the defendant Staten Island University Hospital (hereinafter SIUH), beginning on August 17, 2002. The last treatment and visit between the plaintiff and Lederman, while Lederman was still employed at SIUH, was on September 10, 2002. Lederman next saw the plaintiff on November 8, 2004 at the defendant Cabrini Medical Center (hereinafter Cabrini), where Lederman had commenced new employment. The plaintiff and her husband commenced the instant action by the filing of a summons and verified complaint on December 12, 2006. SIUH moved to dismiss the

complaint pursuant to CPLR 3211 (a) on the ground that the causes of action to recover damages for medical malpractice in failing to properly diagnose the condition, lack of informed consent, and negligent hiring and credentialing, and the derivative loss of consortium and services claim, were interposed beyond the applicable statute of limitations and were not eligible for any toll under the doctrine of continuous treatment. The Supreme Court granted the motion. We modify.

On October 7, 2003 the plaintiff called for and obtained from SIUH a prescription for a CT brain scan. The scan was performed on April 20, 2004. Another physician at SIUH compared the CT brain scan with a scan taken in 2002 and noted, in a report dated May 10, 2004, that the plaintiff's tumor had grown. Lederman spoke with the plaintiff about the enlargement of her tumor on May 13, 2004. SIUH wrote a prescription for a further CT brain scan in October 2004, which was performed on October 22, 2004, and the report of that scan was sent to Lederman at SIUH.

Initially, although SIUH denominated its motion as one to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the Supreme Court was within its authority to treat the motion as one to dismiss for untimeliness pursuant to CPLR 3211 (a) (5), particularly as all parties addressed the statute of limitations and tolling issues in their submissions and no party was prejudiced thereby (see generally Greene v Davidson, 210 AD2d 108, 109 [1994]).

The plaintiffs' "first" and "second" causes of action for medical malpractice and lack of informed consent are timely only if the plaintiffs are entitled to a continuous treatment toll of the $2^1/_2$ year statute of limitations applicable under CPLR 214-a. The purpose of the continuous treatment doctrine is to avoid the absurdity of requiring a wronged patient to interrupt corrective efforts by serving a summons and complaint upon the treating hospital or physician (see Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 338 [1997]). The Court of Appeals has stated that the continuing trust and confidence underlying the continuous treatment doctrine "does not necessarily come to an end upon a patient's last visit with his or her physician," if further care or monitoring of the condition is anticipated by the physician and patient in the form of regularly-scheduled appointments conforming with periodic appointments that characterized the treatment in the past (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296 [1998]; Richardson v Orentreich, 64 NY2d 896, 898-899 [1985]). Even continuing "monitoring" of a specific medical

condition, as opposed to general physical examinations, is not necessarily outside the continuous treatment doctrine (see *Ganess v City of New York*, 85 NY2d 733, 736 [1995]).

In determining a motion to dismiss, the court must accept all allegations of the complaint as true and resolve all inferences in favor of the plaintiff (see *Cron v Hargro Fabrics*, 91 NY2d 362 [1998]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Extrinsic material, as was submitted by SIUH here, may be considered where it conclusively establishes a defense to the asserted claims as a matter of law (see *Leon v Martinez*, 84 NY2d at 88).

Here, SIUH issued two prescriptions for CT brain scans in October 2003 and October 2004. Each scan was reviewed by SIUH physicians including, in the second instance, Lederman. Lederman spoke with the plaintiff about the results of her April 2004 scan. The issuance of CT scan prescriptions, the review of scan reports, and the discussion with the plaintiff of brain scan results are connected to the monitoring of the plaintiff's medical condition. There is no evidence as to whether Lederman did or did not anticipate that he would further treat and monitor the plaintiff beyond what was done in 2003 and 2004, and he saw the plaintiff for the same condition on November 8, 2004 after commencing employment with Cabrini. It cannot be said, in affording the plaintiffs the benefit of all favorable inferences to which they are entitled, that there was no continuous treatment as a matter of law (*accord Elkin v Goodman*, 285 AD2d 484, 486 [2001]). The resolution of the continuous treatment issue, and whether the parties understood that periodic brain scans were prescribed as part of the ongoing care of the plaintiff's condition, should abide relevant discovery.

The Supreme Court properly granted that branch of SIUH's motion which was to dismiss the cause of action to recover damages for negligent hiring and credentialing insofar as asserted against it, but for reasons other than those stated in the order appealed from. The negligent hiring and credentialing claim is governed by the three-year statute of limitations of CPLR 214, applicable to negligence generally, and therefore is not eligible for a toll of the statute under the doctrine of continuous treatment (see *Bleiler v Bodnar*, 65 NY2d 65, 66 [1985]; *Van Slyke v Columbia Mem. Hosp.*, 118 Misc 2d 203, 205 [1983]).

The Supreme Court also properly granted that branch of SIUH's motion which was to dismiss the husband's derivative claim for loss of consortium and services insofar as asserted against it. Any continuous treatment toll of the medical malpractice claims is personal to the patient and does not extend to the husband's loss of consortium and services claim (see *Dun-*

*ning v Brisson*, 21 AD3d 271 [2005]). Therefore, the loss of consortium cause of action as alleged against SIUH, which is governed by a three-year statute of limitations, was untimely (*see* CPLR 214; *Wojnarowski v Cherry*, 184 AD2d 353, 354-355 [1992]). Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.