■ MICHELE CHAMBERS et al., Appellants, v SUSAN MIRKINSON et al., Respondents, et al., Defendants. [890 NYS2d 99]—

On seven occasions from May 21, 2001 through April 13, 2006, the plaintiff Michele Chambers (hereinafter the plaintiff) consulted the defendant Marc S. Werner, M.D., or his associate at the defendant Eye Guys, LLP, doing business as Stahl Eye Associates (hereinafter collectively Eye Guys), regarding decreased visual acuity and spots impairing the vision in her right eye. On nine occasions from August 9, 2000 through June 14, 2006, the plaintiff consulted practitioners including the defendant Susan Mirkinson, M.D., at the defendant Hillside Medical Associates, P.C. (hereinafter together Hillside), for various complaints, including impairment of vision, numbness in her legs, urinary incontinence, and upper respiratory ailments. On the last visit, Hillside referred the plaintiff to a neurologist, who ordered various tests and diagnosed multiple sclerosis (hereinafter MS). The plaintiff and her husband, derivatively, commenced this action by the filing of a summons and verified complaint on March 1, 2007. Subsequently, the plaintiffs moved pursuant to CPLR 3211 (b) to dismiss Eye Guys' first affirmative defense. Eye Guys and Hillside separately moved, inter alia, for summary judgment dismissing, as time-barred, those causes of action which were to recover damages for medical malpractice committed prior to September 1, 2004, insofar as asserted against them, and the plaintiffs opposed the motions on the ground that the doctrine of continuous treatment tolled the statute of limitations. The Supreme Court denied the plaintiffs' motion and granted those branches of the separate motions of Eye Guys and Hillside. We modify.

In support of their respective motions, Eye Guys and Hillside established their prima facie entitlement to judgment as a matter of law dismissing, as time-barred, the plaintiffs' claims based upon alleged acts of malpractice committed by Eye Guys and Hillside prior to September 1, 2004, the period that was more than two years and six months prior to the commencement of the action (see CPLR 214-a; Cox v Kingsboro Med. Group, 88 NY2d 904, 906 [1996]; Capece v Nash, 65 AD3d 1270 [2009]). In

opposition to Eye Guys' motion, the plaintiffs failed to raise a triable issue of fact as to whether the doctrine of continuous treatment tolled the statute of limitations for claims premised upon office visits occurring prior to September 1, 2004 (*see Cox v Kingsboro Med. Group,* 88 NY2d at 906-907; *Anderson v Central Brooklyn Med. Group,* 56 AD3d 500, 501 [2008]). Under the continuous treatment doctrine, the limitations period is tolled only if the defendants continuously rendered an "actual course of treatment" during the relevant period "for the same conditions or complaints underlying the plaintiff's medical malpractice claim" (*Gomez v Katz,* 61 AD3d 108, 111-112 [2009]). The plaintiff's visits to Eye Guys in May 2001 and January 2003, however, were in the nature of "[r]outine diagnostic examinations" or "return visits on the patient's initiative, merely for the purpose of having [her] condition checked" (*Norum v Landau,* 22 AD3d 650, 652 [2005]). "[C]ontinuing efforts to arrive at a diagnosis" or "a physician's failure to properly diagnose a condition that prevents treatment altogether" fall short of a course of treatment (*Gomez v Katz,* 61 AD3d at 112; *see Nykorchuck v Henriques,* 78 NY2d 255, 259 [1991]; *McDermott v Torre,* 56 NY2d 399, 405-406 [1982]). Moreover, on the record presented, the plaintiff and physician did not mutually agree upon or anticipate future appointments (*see Anderson v Central Brooklyn Med. Group,* 56 AD3d 500, 501 [2008]), nor could the plaintiff's return on her own initiative a year and a half after breaking a follow-up appointment be deemed "timely" (*McDermott v Torre,* 56 NY2d at 406; *cf. Ramos v Rakhmanchik,* 48 AD3d 657, 658 [2008]). Accordingly, the Supreme Court properly granted that branch of the motion of Eye Guys which was for summary judgment dismissing those causes of action which were to recover damages for medical malpractice committed prior to September 1, 2004, insofar as asserted against it, and properly denied the plaintiffs' motion pursuant to CPLR 3211 (b) to dismiss Eye Guys' first affirmative defense.

In opposition to Hillside's motion, the plaintiff failed to raise a triable issue of fact as to whether she sought and obtained an actual course of treatment for her symptoms related to MS during the four appointments on August 9, 2000 September 3, 2002, May 8, 2003, and August 26, 2003. On each of those dates, the plaintiff complained of discrete symptoms and received testing which failed to show any abnormalities except, on one occasion, the unrelated condition of strep throat. After each appointment, future treatment was not anticipated except for a scheduled follow-up visit after the consultation on September 3, 2002, which the plaintiff failed to keep. Under the circumstances,

these four office visits manifest the "mere continuation of a general doctor-patient relationship" (*Gomez v Katz,* 61 AD3d at 112), or "return visits on the patient's initiative, merely for the purpose of having [her] condition checked" (*Norum v Landau,* 22 AD3d at 652). By contrast, the plaintiff submitted evidence that she complained of symptoms related to MS during the appointments on April 27, 2004 and July 14, 2004 and continued to complain of such symptoms on March 7, 2005, a date falling within the limitations period. The plaintiff also submitted evidence that, on these dates, Hillside addressed the symptoms by administering therapy, ordering testing, or making referrals to specialists. Accordingly, the plaintiff raised a triable issue of fact as to whether Hillside actually rendered a continuous course of treatment related to her MS symptoms commencing on April 27, 2004 and the Supreme Court should have denied that branch of Hillside's motion seeking to dismiss those claims as time-barred (*see Gomez v Katz,* 61 AD3d at 114).

Finally, the continuous treatment toll is personal to the patient and not available to extend the husband's loss of consortium claim (*see Schrank v Lederman,* 52 AD3d 494, 496-497 [2008]). The husband's claim, however, is governed by the three-year statute of limitations (*see* CPLR 214; *Schrank v Lederman,* 52 AD3d at 497). Since the summons and complaint were filed on March 1, 2007, the plaintiff's April and July 2004 consultations at Hillside fall within the three-year limitations' period, and the husband's loss of services claim is not time-barred with respect to those dates. Mastro, J.P., Belen, Hall and Austin, JJ., concur.