■ GLENDA STEWART, Appellant, v ALLEN T. COHEN et al., Respondents. [918 NYS2d 193]—

The plaintiff's decedent, Doris Green, began seeing the defendant doctor, a family practitioner, in May 1998. During the course of the next several years, Green returned to the defendant doctor several times with various ailments, some of which concerned breathing problems. Eventually, in April 2001, she was diagnosed with lung cancer by another doctor, and she died in November 2001. The plaintiff, the administrator of Green's estate, commenced this action on November 5, 2003, against the defendant doctor and his professional corporation (hereinafter together the defendants) seeking damages, inter alia, for medical malpractice. The complaint alleged that the defendant doctor failed to properly diagnose and treat Green's lung cancer. The defendants moved for summary judgment dismissing, as time-barred, so much of the complaint as was based upon alleged malpractice committed before May 5, 2001 (*see* CPLR 214-a; *Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Chambers v Mirkinson*, 68 AD3d 702, 704 [2009]). The plaintiff opposed the motion on the ground that the continuous treatment doctrine tolled the statute of limitations (*see* CPLR 214-a; *Cox v Kingsboro Med. Group*, 88 NY2d at 906). The Supreme Court granted the motion, the plaintiff appeals, and we affirm.

In support of their motion, the defendants established, prima facie, that the action was commenced on November 5, 2003, and that therefore all claims for malpractice arising from acts or omissions taking place more than $2^{1}/_{2}$ years earlier were barred by the applicable statute of limitations (*see* CPLR 214-a; *Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Chambers v Mirkinson*, 68 AD3d 702, 704 [2009]). The burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact (*see Cox v Kingsboro Medical Group*, 88 NY2d at 906).

Generally, a cause of action alleging medical malpractice accrues on the date of the alleged wrongful act or omission, and the statute of limitations begins running on that date. In instances, however, when the patient is undergoing a continuous course of treatment with a doctor with respect to the same condition or complaint that gives rise to the lawsuit, the statute of limitations will not begin to run until the end of the course of

treatment (*see Nykorchuck v Henriques*, 78 NY2d 255, 258 [1991]; *Gomez v Katz*, 61 AD3d 108, 111 [2009]). The doctrine relies on the premise that a patient should not be required to choose between, on the one hand, maintaining the doctor-patient relationship with the physician treating the condition, and, on the other, compromising or ending that relationship by interposing a lawsuit in order to satisfy the statute of limitations (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338 [1997]; *Nykorchuck v Henriques*, 78 NY2d at 258; *Gomez v Katz*, 61 AD3d at 111). Further, the doctrine assumes that the original doctor is in the best position to identify and correct his or her own malpractice (*see Nykorchuck v Henriques*, 78 NY2d at 258; *Gomez v Katz*, 61 AD3d at 111). In order to establish that the doctrine applies, the plaintiff is required to demonstrate that there was a course of treatment, that it was continuous, and that it was in respect to the same condition or complaint underlying the claim of malpractice (*see McDermott v Torre*, 56 NY2d 399, 406-407 [1982]; *Gomez v Katz*, 61 AD3d at 111-112). In the absence of continuing efforts by a doctor to treat a particular condition, the policy underlying the continuous treatment doctrine does not justify tolling the statute of limitations.

Here, the record established that Green and the defendant doctor had a continuing doctor-patient relationship, but the plaintiff failed to raise a triable issue of fact as to whether Green's discrete ailments over the course of that relationship were viewed by both the defendant doctor and Green as a continuing course of treatment regarding the condition that was eventually diagnosed as lung cancer (*see Allende v New York City Health & Hosps. Corp.*, 90 NY2d at 338; *Richardson v Orentreich*, 64 NY2d 896, 899 [1985]; *Chambers v Mirkinson*, 68 AD3d 702 [2009]; *Gomez v Katz*, 61 AD3d at 112). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing, as time-barred, so much of the complaint as was based upon acts or omissions constituting malpractice occurring before May 5, 2001.

In light of our determination, the plaintiff's remaining contentions are academic. Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.