■ BARBARA RAKUSIN, Appellant, v JOSEPH MIANO et al., Respondents. [923 NYS2d 334]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Murphy, J.), dated September 8, 2009, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), and (2) a judgment of the same court dated October 9, 2009, which, upon the order dated September 8, 2009, is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint. An action to recover damages arising from legal malpractice must be commenced within three years after accrual (*see* CPLR 214 [6];

203 [a]). On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Romanelli v Disilvio*, 76 AD3d 553, 554 [2010]; *6D Farm Corp. v Carr*, 63 AD3d 903, 906 [2009]; *Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]; *Savarese v Shatz*, 273 AD2d 219, 220 [2000]). Here, the defendants made a prima facie showing that the subject action was commenced more than three years after the alleged malpractice was committed (*see McCoy v Feinman*, 99 NY2d 295, 301 [2002]). Contrary to the plaintiff's contention on appeal, she failed to raise a triable issue of fact as to whether the continuous representation doctrine applied (*id.* at 301; *see Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]). Florio, J.P., Balkin, Belen and Miller, JJ., concur.