■ JOSEPH BAPTISTE, Individually and as Administrator of the Estate of ENID BRIGGS-BAPTISTE, Deceased, Appellant, v EASTLYN HARDING-MARIN et al., Respondents, et al., Defendants. [930 NYS2d 670]—

On January 31, 2004, the plaintiff's wife, Enid Briggs-Baptiste (hereinafter the decedent), visited her primary care physician, the defendant Dr. Eastlyn Harding-Marin, complaining of uterine bleeding. Dr. Harding-Marin ordered a pelvic sonogram and referred the decedent to a gynecologist for further consultation and treatment. The decedent returned to Dr. Harding-Marin's office several times thereafter for treatment of diabetes and hypertension. Dr. Harding-Marin testified at her deposition that the decedent was receiving gynecological care elsewhere.

On May 2, 2005, the decedent went to a hospital complaining of left side back and abdominal pain, and was diagnosed with stage IV cervical cancer. She died on December 17, 2006. On or about December 13, 2007, the plaintiff commenced this action, individually, and as administrator of the decedent's estate, against, among others, Dr. Harding-Marin and Family Practice & Complimentary Medicine of Eastlyn Harding-Marin, M.D.,

P.C. (hereinafter together the defendants), seeking, inter alia, damages for medical malpractice. The complaint, as amplified by the bill of particulars, alleged, among other things, that the defendants failed to properly diagnose and treat the decedent's cervical cancer and were negligent in failing "to advise and conduct sufficient PAP smear examinations." By order entered July 29, 2010, the Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred and, in effect, denied the plaintiff's cross motion to impose sanctions against the defendants' counsel pursuant to 22 NYCRR 130-1.1. We affirm.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]; *Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]).

Here, the defendants demonstrated, prima facie, that the cause of action alleging medical malpractice insofar as asserted against them accrued on January 31, 2004, the last date gynecological treatment was rendered by the defendants to the decedent. Thus, the statute of limitations for that cause of action expired on July 31, 2006, approximately five months before the decedent's death and approximately one year and five months before this action was commenced (*see* CPLR 210, 214-a; *Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d at 405).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine (*see Nespola v Strang Cancer Prevention Ctr.*, 36 AD3d 774, 775 [2007]). To establish that the doctrine applied, the plaintiff was "required to demonstrate that there was a course of treatment, that it was continuous, and that it was in respect to the same condition or complaint underlying the claim of malpractice" (*Stewart v Cohen*, 82 AD3d 874, 876 [2011]; *see Gomez v Katz*, 61 AD3d 108, 111-112 [2009]). "In the absence of continuing efforts by a doctor to treat a particular condition, the policy underlying the continuous treatment doctrine does not justify tolling the statute of limitations" (*Stewart v Cohen*, 82 AD3d at 876). Here, the plaintiff, in essence, "alleges nothing more than [the] defendants' failure to timely diagnose and establish a course of treatment for [the decedent's] condition, omissions that do not

amount to a 'course of treatment' " (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 297 [1998], quoting *Nykorchuck v Henriques*, 78 NY2d 255, 259 [1991]; *see Washington v Elahi*, 192 AD2d 704, 705 [1993]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the cause of action alleging medical malpractice insofar as asserted against them as time-barred.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Belen, Roman and Miller, JJ., concur.