Order, Supreme Court, New York County (Joan B. Lobis, J.), entered July 11, 2011, which, to the extent appealed as limited by the briefs, upon converting defendant hospital’s motion to *535 dismiss the medical malpractice claims as barred by the statute of limitations into a motion for summary judgment, granted the motion to the extent of dismissing all claims arising from the bilateral prophylactic mastectomy performed on November 20, 2001, unanimously affirmed, without costs.
Defendant met its burden on the motion by submitting evidence showing that plaintiffs claims relating to her mastectomy are time-barred (see CPLR 214-a; Cox v Kingsboro Med. Group, 88 NY2d 904, 906 [1996]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine or the provisions of CPLR 208. With respect to the continuous treatment doctrine, the record shows that plaintiffs mastectomy on November 20, 2001 and her breast reconstruction surgery on September 26, 2002 were separate and discrete procedures, as further treatment after plaintiffs mastectomy was not “explicitly anticipated” by both plaintiff and her doctors (Cox, 88 NY2d at 906-907; cf. Blaier v Cramer, 303 AD2d 301, 302 [2003]). With respect to the tolling provisions of CPLR 208, the record shows that, despite plaintiffs depression and anxiety, she was able to protect her legal rights and function in society (see McCarthy v Volkswagen of Am., 55 NY2d 543, 548-549 [1982]; see also Burgos v City of New York, 294 AD2d 177, 178 [2002]). Concur — Andrias, J.P., Friedman, Sweeny, Manzanet-Daniels and Román, JJ. [Prior Case History: 2011 NY Slip Op 31865(U).]