■ FRANK SALERNO, Respondent, v HUNTINGTON HOSPITAL DOLAN FAMILY HEALTH CENTER, INC., Appellant. [950 NYS2d 202]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 14, 2009, as denied its motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant, Huntington Hospital Dolan Family Health Center, Inc., owns and operates both Huntington Hospital (hereinafter the hospital) in Huntington and Dolan Family Health Center (hereinafter the Dolan Center) in Greenlawn. On

December 29, 2002, the plaintiff's decedent (hereinafter the decedent) sought treatment in the emergency room of the hospital. She was erroneously diagnosed with a urinary tract infection and discharged. Later that day, hospital personnel realized that the decedent needed to return to the hospital for emergency surgical intervention to repair a perforated colon caused by diverticulitis. As part of the surgical repair, a colostomy was performed. The decedent was discharged from the hospital on January 18, 2003.

During the summer of 2003, the decedent returned to the hospital to see the surgeon who performed her surgery, with respect to having the colostomy reversed. She was directed by the hospital staff to see the surgeon at his private office, and was provided with the surgeon's address. The decedent met with the surgeon on November 18, 2003. She met with him again on January 6, 2004, when he wrote a prescription for the decedent to go to the Dolan Center for referral to a gastroenterologist to perform a colonoscopy prior to reversal of the colostomy, which was to be performed at the hospital. On March 3, 2004, the decedent was examined at the Dolan Center, and an appointment was scheduled for her on May 4, 2004, at its gastroenterology clinic with respect to the colonoscopy. The decedent failed to keep the appointment scheduled for May 4, 2004, and did not have her colostomy reversed before she died in 2011.

On July 21, 2006, the decedent commenced this action against the defendant alleging, inter alia, that it committed medical malpractice in misdiagnosing her condition of diverticulitis, which led to emergency colon surgery and subsequent hospitalization. The defendant moved for summary judgment dismissing the complaint on the ground that this action was time-barred. In opposing the motion, the decedent argued that the continuous treatment doctrine tolled the applicable statute of limitations. The Supreme Court denied the defendant's motion.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint as time-barred by demonstrating that this action was commenced after the expiration of the 2½-year limitations period applicable to medical malpractice claims (*see* CPLR 214-a; *Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Rizk v Cohen*, 73 NY2d 98, 102 [1989]; *Capece v Nash*, 70 AD3d 743, 745 [2010]; *Chambers v Mirkinson*, 68 AD3d 702, 704 [2009]). In opposition, the decedent raised a triable issue of fact as to whether the treatment she received from the defendant was "continuous," whether the treatment she received at the Dolan Center on March 3, 2004, was related to her original condition because the

colostomy, which the decedent sought to have reversed, was an integral part of the emergency surgical procedure, and whether the further treatment was "explicitly anticipated" by the parties by virtue of the surgeon's recommendation that, upon the decedent's discharge from the hospital, she would have to wait 6 to 12 months before returning to the hospital to reverse the colostomy (see Nykorchuck v Henriques, 78 NY2d 255, 258 [1991]; Richardson v Orentreich, 64 NY2d 896, 898-899 [1985]; Gomez v Katz, 61 AD3d 108, 111-112 [2009]; Langsam v Terraciano, 22 AD3d 414, 415 [2005]). Further, the decedent raised a triable issue of fact as to whether members of the Dolan Center staff were agents of the hospital by submitting an affidavit of an administrator of the Dolan Center, which had been obtained in response to the plaintiff's discovery requests, stating that the Dolan Center was "a wholly owned subsidiary" of the hospital and that all of the staff members of the Dolan Center were employees of the hospital, as they had been hired through and credentialed by the hospital. Moreover, the affidavit explained that the Dolan Center and the hospital "shared the same billing system, information system and master patient index" (see e.g. Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 339-340 [1997]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint as time-barred. Skelos, J.P., Dickerson, Austin and Roman, JJ., concur.