RHEA PEYKARIAN, as Executrix of EBRAHIM PEYKARIAN, Deceased, et al., Respondents, v YIN CHU CHIEN, M.D., Appellant. [971 NYS2d 152]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendant appeals from an order of the Supreme Court, Kings County (Rosenberg, J.), dated June 27, 2011, which denied his motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed prior to December 22, 2006, and for summary judgment dismissing, on the merits, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed on or after December 22, 2006, and his alternative application to direct the plaintiffs' expert witnesses to submit to a hearing pursuant to *Frye v United States* (293 F 1013 [1923]) and *Parker v Mobil Oil Corp.* (7 NY3d 434 [2006]).

Ordered that the appeal from so much of the order as denied the application to direct the plaintiffs' expert witnesses to submit to a hearing pursuant to *Frye v United States* (293 F 1013 [1923]) and *Parker v Mobil Oil Corp.* (7 NY3d 434 [2006]) is dismissed (*see Fontana v LaRosa*, 74 AD3d 1016 [2010]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed prior to December 22, 2006, and for summary judgment dismissing, on the merits, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed on or after December 22, 2006, is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant made a prima facie showing that so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed prior to December 22, 2006, was time-barred, through submission of the summons and complaint, which demonstrated that this action was not commenced by filing until June 22, 2009 (*see Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]; *Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]). Thus, the burden shifted to the plaintiffs to raise an issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (*see Baptiste v Harding-Marin*, 88 AD3d at 753; *Rakusin v Miano*, 84 AD3d at 1052). Although the plaintiffs contend that the statute of limitations was tolled by the continuous treatment doctrine, they failed to raise a triable issue of fact in that regard (*see Massie v Crawford*, 78 NY2d 516, 519 [1991]). The plaintiffs' decedent received treatment from the defendant over a 17-year period for recurrent bladder tumors. After his initial diagnosis, in 1991, the decedent typically returned for treatment only when he was symptomatic, experiencing hematuria. Thus, between December 1999 and April 2003, and again, from December 2004 until October 2007, the decedent did not visit with the defendant. As a result of these temporal gaps, because the decedent did not continue to seek a course of treatment, any continuity in treatment that had existed was severed (*see Nykorchuck v Henriques*, 78 NY2d 255, 258 [1991]; *cf. Gomez v Katz*, 61 AD3d 108, 112, 117 [2009]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed prior to December 22, 2006.

With respect to the allegations concerning medical malpractice occurring on or after December 22, 2006, the defendant made a prima facie showing that he did not depart from good and accepted practice, and that, in any event, any departure was not a proximate cause of the alleged injuries (*see Di-*

*Geronimo v Fuchs*, 101 AD3d 933, 936 [2012]; *Stukas v Streiter*, 83 AD3d 18, 23 [2011]). The defendant also established his prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged lack of informed consent on or after December 22, 2006 (*see Etminan v Sasson*, 51 AD3d 623 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court also should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed on or after December 22, 2006. Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.