In an action, inter alia, to recover damages for medical malpractice, the defendant Robert Morgantini appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied his motion pursuant to CFLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred.
*900 Ordered, that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Robert Morgantini pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred is granted.
According to the plaintiff, on August 1, 2007, he sought treatment for his left shoulder from the defendant physician Spyros Panos. On November 27, 2007, Panos performed surgery on the plaintiffs left shoulder. During the surgery, Panos was assisted by the defendant Robert Morgantini, a registered nurse. On November 22, 2011, the plaintiff commenced this action against Morgantini, among others, to recover damages for medical malpractice.
The Supreme Court should have granted Morgantini’s motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred. Morgantini met his threshold burden of demonstrating, prima facie, that the complaint was time-barred. In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether he actually commenced the action within the applicable limitations period (see Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359 [2011]; Rakusin v Miaño, 84 AD3d 1051, 1052 [2011]). Contrary to the plaintiffs contention, the motion was not properly denied on the ground that Morgantini was estopped from raising a statute of limitations defense. In opposition to Morgantini’s motion, the plaintiff failed to present evidence that Morgantini made a misrepresentation after the subject surgery for the purpose of concealing the alleged health care malpractice (see Plain v Vassar Bros. Hosp., 115 AD3d 922 [2014] [decided herewith]). Further, the plaintiff failed to establish that facts essential to justify opposition to Morgantini’s motion may exist, but, absent discovery, could not be stated (see CPLR 3211 [d]).
Rivera, J.E, Lott, Roman and Hinds-Radix, JJ., concur.