■ Robert Ceglio et al., Respondents, v BAB Nuclear Radiology, P.C., et al., Appellants. [992 NYS2d 580]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated March 29, 2013, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice committed by the defendants Melissa R. Sapan and BAB Nuclear Radiology, P.C., prior to May 30, 2007.

Ordered that the order is reversed, on the law, with costs, and

the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice committed by the defendants Melissa R. Sapan and BAB Nuclear Radiology, P.C., prior to May 30, 2007, is granted.

The defendants made a prima facie showing that so much of the complaint as was based upon alleged acts of medical malpractice committed by Melissa R. Sapan and BAB Nuclear Radiology, P.C. (hereinafter together the radiology defendants), prior to May 30, 2007, was time-barred, through the submission of the summons and complaint, which demonstrated that this action was commenced on November 30, 2009 (*see* CPLR 214-a; *Peykarian v Yin Chu Chien*, 109 AD3d 806, 807 [2013]; *Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]; *Rakusin v Miano*, 84 AD3d 1051, 1052 [2011]). Thus, the burden shifted to the plaintiffs to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (*see Peykarian v Yin Chu Chien*, 109 AD3d at 807). Here, although the plaintiffs contend that the statute of limitations was tolled by the continuous treatment doctrine, they failed to raise a question of fact in that regard.

To establish that the continuous treatment doctrine applies, a plaintiff is " 'required to demonstrate that there was a course of treatment, that it was continuous, and that it was in respect to the same condition or complaint underlying the claim of malpractice' " (*Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011], quoting *Stewart v Cohen*, 82 AD3d 874, 876 [2011]; *see Gomez v Katz*, 61 AD3d 108, 111-112 [2009]). It is undisputed that the radiology defendants were monitoring the plaintiff Robert Ceglio (hereinafter Robert) for postsurgical changes after he had a pituitary tumor removed. The plaintiffs allege that Robert suffered injuries as a result of a colloid cyst, which the radiology defendants failed to notice on his MRI scans when they were monitoring him for postsurgical changes. However, the plaintiffs presented no evidence to suggest that the colloid cyst, which allegedly caused the injuries complained of, was in any way connected to the pituitary changes for which the radiology defendants were monitoring Robert. Consequently, the plaintiffs failed to raise a question of fact as to whether Robert received continuous treatment for the same condition underlying the claim of malpractice (*see Baptiste v Harding-Marin*, 88 AD3d at 753; *Weber v Bay Ridge Med. Group*, 220 AD2d 408 [1995]; *Werner v Kwee*, 148 AD2d 701 [1989]).

Accordingly, the defendants' motion should have been granted. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.