■ WILLIAM MARRERO et al., Appellants, v JEFFREY SOSINSKY, M.D., Respondent. [12 NYS3d 891]—In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated December 3, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed prior to June 4, 2006.

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed prior to June 4, 2006, was time-barred, through submission of the summons and complaint, which demonstrated that this action was not commenced until December 4, 2008 (see CPLR 214-a; Peykarian v Yin Chu Chien, 109 AD3d 806, 807 [2013]). Thus, the burden shifted to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether he actually commenced the action within the applicable limitations period (see Baptiste v Harding-Marin, 88 AD3d 752, 753 [2011]; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358 [2011]; Rakusin v Miano, 84 AD3d 1051, 1052 [2011]). Although the plaintiff contended that the statute of limitations was tolled by the continuous treatment doctrine, he failed to raise a question of fact in that regard (see Massie v Crawford, 78 NY2d 516, 519 [1991]; Nykorchuck v Henriques, 78 NY2d 255, 258 [1991]). Accordingly, the Supreme Court properly granted the defendant's motion to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of medical malpractice and lack of informed consent committed prior to June 4, 2006. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.