■ RICHARD MUSCAT, Respondent, v MID-HUDSON MEDICAL GROUP, P.C., Appellant, et al., Defendants. [24 NYS3d 368]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Mid-Hudson Medical Group, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

According to the plaintiff, in March 2009, he sought treatment from the defendant Spyros Panos, a physician employed by the defendant Mid-Hudson Medical Group, P.C. (hereinafter Mid-Hudson), after injuring his right shoulder. On April 21, 2009, Panos performed surgery on the plaintiff's right shoulder at the defendant Hudson Valley Center at Saint Francis (hereinafter Hudson Valley). On November 10, 2011, the plaintiff commenced this action against Panos, Mid-Hudson, and Hudson Valley, inter alia, to recover damages for medical

malpractice. Mid-Hudson moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. The Supreme Court denied the motion.

" 'A defendant who seeks dismissal of a complaint pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired' " (*LaRocca v DeRicco*, 39 AD3d 486, 486-487 [2007], quoting *Gravel v Cicola*, 297 AD2d 620, 620 [2002]). Here, in moving to dismiss the complaint insofar as asserted against it, Mid-Hudson made a prima facie showing that the medical malpractice causes of action insofar as asserted against it were time-barred under the $2^{1/2}$-year statute of limitations applicable to medical malprac-tice causes of action (CPLR 214-a), inasmuch as the complaint demonstrates that more than two years and six months had elapsed between the date of the surgery and the commence-ment of this action. "Thus, the burden shifted to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether he actu-ally commenced the action within the applicable limitations period" (*Marrero v Sosinsky*, 130 AD3d 883, 883 [2015]; *see Ceglio v BAB Nuclear Radiology, P.C.*, 120 AD3d 1376, 1377 [2014]). In opposition to Mid-Hudson's motion, the plaintiff argued that while the $2^{1/2}$-year statute of limitations applicable to the medical malpractice claims elapsed, the limitations period was tolled by the continuous treatment doctrine (*see* CPLR 214-a). He further asserted that in addition to medical malpractice allegations, his complaint included timely allega-tions against Mid-Hudson sounding in ordinary negligence, which are governed by a three-year statute of limitations (CPLR 214 [5]).

Contrary to Mid-Hudson's contention, the plaintiff raised a question of fact as to whether the statute of limitations on the medical malpractice causes of action was tolled by the continu-ous treatment doctrine. The plaintiff submitted medical rec-ords evincing that he underwent a continuous course of treat-ment with Panos for the same condition underlying the medical malpractice causes of action that remained ongoing until September 2009, which was within two years and six months of the commencement of this action (*see* CPLR 214-a; *see gener-ally Gomez v Katz*, 61 AD3d 108, 111-113 [2009]). We note that "[i]ncluded within the scope of 'continuous treatment' is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treat-ment" (*McDermott v Torre*, 56 NY2d 399, 406 [1982]).

We also note that to the extent the complaint includes viable causes of action against Mid-Hudson sounding in ordinary negligence, the continuous treatment doctrine is not applicable to those claims (*see Bleiler v Bodnar,* 65 NY2d 65, 73 [1985]; *Schrank v Lederman,* 52 AD3d 494, 496 [2008]; *Teitell v County of Westchester,* 277 AD2d 309, 310 [2000]). However, those causes of action would nevertheless be timely in that they would be subject to a three-year limitations period (*see* CPLR 214 [5]), and less than three years elapsed between the date of the surgery and the commencement of this action. Therefore, the Supreme Court properly denied Mid-Hudson's motion to dismiss the complaint insofar as asserted against it as time-barred. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.