■ GAIL REEDER, Individually and as Parent and Natural Guardian of JANILLE MONROE BROWN, an Infant, Appellant, v HEALTH INSURANCE PLAN OF GREATER NEW YORK et al., Defendants, and BROOKLYN MEDICAL GROUP et al., Respondents. [46 NYS3d 148]—

In an action to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Bunyan, J.), dated December 17, 2013, which granted the separate motions of the defendants Brooklyn Medical Group, Long Island College Hospital, Geeta Bhattacharya, and Aktar Solaiman, also known as Akhtar Solaiman, for summary judgment dismissing the amended complaint insofar as asserted against each of them, and (2) so much of an order of the same court dated May 12, 2014, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated December 17, 2013, is dismissed, as that order was superseded by the order dated May 12, 2014, made upon reargument; and it is further,

Ordered that the order dated May 12, 2014, is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to so much of the original determination in the order dated December 17, 2013, as granted those branches of the separate motions of the defendants Brooklyn Medical Group and Aktar Solaiman, also known as Akhtar Solaiman, which were for summary judgment dismissing the amended complaint insofar as asserted on behalf of Janille Monroe Brown against each of them, and substituting therefor provisions, upon reargument, vacating those portions of the original determination and, thereupon, denying those branches of the motions; as so modified, the order dated May 12, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Long Island College Hospital and Geeta Bhattacharya payable by the plaintiff, and one bill of costs is awarded to the plaintiff payable by the defendants Brooklyn Medical Group and Aktar Solaiman, also known as Akhtar Solaiman.

Janille Monroe Brown (hereinafter the child) was born at the facility of the defendant Long Island College Hospital (hereinafter the hospital) in September 1994. Before the child and her mother, Gail Reeder (hereinafter the plaintiff), were discharged from the hospital, a blood sample was taken from the child for a state-mandated blood test (see Public Health Law § 2500-a). The abnormal results of the test were consistent with sickle cell disease, and the New York State Department of Health (hereinafter the DOH) notified the hospital of that fact and of the requirement of additional blood testing.

The DOH also notified the child's pediatric medical group, the defendant Brooklyn Medical Group (hereinafter BMG), of the abnormal results. The child's first visit to BMG was two weeks after her birth. The defendant Aktar Solaiman, also

known as Akhtar Solaiman, a physician, examined the child, but he did not advise the plaintiff of the abnormal blood result or mention the need for additional blood testing. Several days later, the plaintiff received a call from a nurse at the hospital informing her that the child had an abnormal blood test indicative of sickle cell disease, and that she needed to see a hematologist. The plaintiff brought the child to BMG to get a referral. According to the plaintiff, Solaiman told her that the child was not "under crisis." Solaiman drew blood and, at the child's next visit, told the plaintiff that everything was fine. The plaintiff and the child returned to BMG on October 11, 1994, and, again, there was no discussion regarding the abnormal blood work.

By handwritten letter dated October 28, 1994, BMG informed the plaintiff of the need for a blood test, explaining, "[t]he Newborn Screening Program needs a repeat specimen from your baby. We still have the slip for the lab. Please come to our department at your earliest convenience so that we may have the results requested by the Department of Health Screening Program." The plaintiff brought the child back to BMG on November 3, 1994. According to the plaintiff, Solaiman did not order a further blood test, nor did he discuss the diagnosis of sickle cell disease. Solaiman did not provide any prophylactic treatment for sickle cell disease. In December 1994, the defendant physician Geeta Bhattacharya, who had not seen the child, saw the notification from the DOH and directed a staff member to call the plaintiff. When the staff member could not reach the plaintiff by telephone, she sent the plaintiff a handwritten letter noting that Bhattacharya had requested a referral for her to see a pediatric hematologist. A referral was issued a few days later. Later that month, the child was brought to BMG suffering cold symptoms, and Solaiman, who saw her that day, still, according to the plaintiff, did not discuss with the plaintiff the child's possible sickle cell disease. A week later, the child returned, and Solaiman diagnosed chest congestion. In early March 1995, the plaintiff again brought the child to BMG, complaining that she seemed weak. Solaiman performed an examination but determined that the child was healthy. He ordered blood tests.

In late March 1995, the child, who allegedly still had not been given prophylactic treatment for sickle cell disease, contracted bacterial meningitis and subsequently was diagnosed with loss of vision, loss of hearing, cognitive disabilities, and other injuries.

Solaiman continued to treat the plaintiff at BMG until

September 1999. He left BMG in 2000. The record contains evidence that the child continued to be treated at BMG until a date that was less than 2½ years before the date the plaintiff commenced this action against BMG.

In April 2005, the plaintiff, on behalf of the child and herself individually, commenced this action against, among others, the hospital and Solaiman. In May 2005, an amended complaint was served adding, among others, Bhattacharya and BMG as defendants.

After discovery was completed, the hospital, Solaiman, BMG, and Bhattacharya (hereinafter collectively the moving defendants) separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them on various grounds, including that the action was untimely. The plaintiff opposed the motions. By order dated December 17, 2013, the Supreme Court granted the motions. The court held that under the infant tolling provision of CPLR 208, the statute of limitations had run as to any alleged departures predating the child's hospitalization in March 1995. The court also held that the moving defendants had established, prima facie, that no departures after that hospitalization had caused any injuries to the child, and that, in opposition, the plaintiff did not raise a triable issue of fact. The plaintiff moved for leave to reargue. In an order dated May 12, 2014, the court granted reargument and adhered to its original determination. The court rejected the plaintiff's contention that the statute of limitations was tolled by the child's continuous treatment with the hospital, BMG, Solaiman, and Bhattacharya. The plaintiff appeals.

In support of her motion for summary judgment dismissing the complaint, Bhattacharya established, prima facie, that the action was time-barred insofar as it pertained to alleged treatment by her until the filing of the amended complaint in May 2005 (see CPLR 214-a). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of the continuous treatment doctrine with respect to Bhattacharya's treatment of the child (see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 267 [2002]; Nisanov v Khulpateea, 137 AD3d 1091, 1092 [2016]). In particular, the plaintiff failed to raise a triable issue of fact as to whether Bhattacharya engaged in a continuous course of treatment of the child commencing before March 1995 and continuing to within 2½ years of the commencement of the action against her. Accordingly, the Supreme Court properly granted Bhattacharya's motion for summary judgment dismissing the amended complaint insofar as asserted against her.

Next, the hospital, in support of its motion, established, prima facie, that it did not depart from the accepted standard of care in its treatment of the child and in its disclosure of the test results to BMG (*see* Public Health Law § 2500-a [a]; 10 NYCRR 69-1.3 [k]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the hospital departed from the accepted standard of care. Accordingly, the Supreme Court properly granted the hospital's motion for summary judgment dismissing the amended complaint insofar as asserted against it.

In support of their respective motions, Solaiman and BMG each established, prima facie, that none of their alleged malpractice in treating the child occurred within 2½ years of the commencement of the action against each of them (*see* CPLR 214-a; *Nisanov v Khulpateea*, 137 AD3d at 1092). The alleged departures of Solaiman and BMG that allegedly caused the child's injury took place, at the latest, in March 1995, but the action was not commenced against Solaiman until April 2005 and against BMG until May 2005. The plaintiff, however, raised a triable issue of fact as to the applicability of the continuous treatment doctrine with respect to Solaiman and BMG (*see Muscat v Mid-Hudson Med. Group, P.C.*, 135 AD3d 915, 916 [2016]; *Javaid v Jajoo*, 127 AD3d 1027, 1028 [2015]; *Miccio v Gerdis*, 120 AD3d 639, 640 [2014]; *cf. Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296-297 [1998]). Moreover, although Solaiman left BMG in 2000, the plaintiff raised triable issues of fact as to whether BMG's treatment of the child after Solaiman left the practice may be imputed to him for purposes of the continuous treatment doctrine (*see Green v Associated Med. Professionals of NY, PLLC*, 111 AD3d 1430, 1431-1432 [2013]; *Ozimek v Staten Is. Physicians Practice, P.C.*, 101 AD3d 833, 834-835 [2012]; *Mule v Peloro*, 60 AD3d 649, 650 [2009]; *Solomonik v Elahi*, 282 AD2d 734, 735 [2001]).

The continuous treatment toll is personal to the child and is not available to extend the time by which the plaintiff was required to assert her derivative claim. Accordingly, the Supreme Court properly granted those branches of the motions of Solaiman and BMG which were for summary judgment dismissing the plaintiff's derivative claims against them (*see Chambers v Mirkinson*, 68 AD3d 702, 706 [2009]; *Schrank v Lederman*, 52 AD3d 494, 496-497 [2008]).

The parties' remaining arguments either are without merit or need not be addressed in light of our determination.

In sum, the Supreme Court properly, upon reargument,

adhered to the original determination granting the separate motions of the hospital and Bhattacharya for summary judgment dismissing the amended complaint insofar as asserted against each of them. The court erred in granting those branches of the separate motions of BMG and Solaiman which were for summary judgment dismissing the claims of the child asserted against each of them. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.