Borek v Seidman (2025 NY Slip Op 00037)

Borek v Seidman

2025 NY Slip Op 00037

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 805351/21 Appeal No. 3392-3393 Case No. 2023-04944, 2024-00271 

[*1]Nachum Borek, Plaintiff-Appellant,
v
Dr. Stuart Seidman et al., Defendants-Respondents. 

Nachum Borek, appellant pro se.
Dopf, P.C., New York (Martin B. Adams of counsel), for Dr. Stuart Seidman, respondent.

Judgment, Supreme Court, New York County (John J. Kelley, J.), entered December 20, 2023, dismissing the complaint as against defendant Stuart N. Seidman, M.D., sued herein as defendant Dr. Stuart Seidman, and bringing up for review an order, same court and Justice, entered September 13, 2023, which granted Dr. Seidman's motion to vacate his default in appearing in the action and for leave to appear and to move to dismiss the complaint as against him, and thereupon dismissed the complaint as against him as time-barred, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly dismissed this action as time-barred by the 2½-year statute of limitations on medical malpractice actions (CPLR 214-a). Even using the date of plaintiff's mother's last interaction with Dr. Seidman, on February 18, 2014, this action, commenced November 4, 2021, was untimely by more than five years. Plaintiff provides no evidence in support of his argument that this action was timely as a result of the continuous treatment toll (see Cox v Kingsboro Med. Group , 88 NY2d 904, 906-907 [1996]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025